(81 South. 139)

MATTHEWS v. STATE. (3 Div. 339.)

(Court of Appeals of Alabama. Jan. 21, 1919.)

1. CRIMINAL LAW ⟾364(7)—EVIDENCE—RES GESTÆ.

In prosecution for buying, receiving, or concealing stolen property, trial court should have permitted defendant to explain facts and circumstances under which property in question was received by him, and statements made to him at time of delivery by person who committed larceny; such matters being part of res gestæ.

2. CRIMINAL LAW ⟾306(2) — EVIDENCE — WHOLE OF CONVERSATION.

In prosecution for buying, receiving, or concealing stolen property, where state was permitted to prove part of conversation which took place between defendant and person who committed larceny and delivered property to him at time of delivery, defendant should have been permitted to prove whole of conversation.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Perry Matthews was convicted of buying, receiving, or concealing stolen property, etc., and appeals. Reversed and remanded.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted for the offense of buying, receiving, or concealing stolen property, knowing that it had been stolen, and not having the intent to restore it to the owner, etc.

[1, 2] On the trial of this case, the court in its rulings upon the evidence declined to let the defendant explain the facts and circumstances under which the stolen property in question was received by him, and the statements made to him at the time of the delivery of the property in question by one Tom Jeans, who it appears is conceded to be the party who committed the larceny. This evidence was relevant for two reasons: (1) The defendant had the right to explain his possession of the stolen goods and all the facts and circumstances immediately incident to the goods coming into his possession, this being a part of the res gestæ of the offense, and this testimony was therefore admissible for that reason; (2) the court had permitted the state, by its witnesses Cosby and Rapport, to prove a part of the conversation which took place between the defendant and the said Tom Jeans, at the time of the delivery of the stolen sacks to the defendant by Jeans. Under this state of evidence, the whole conversation which occurred at that time and place should have been allowed, and the court's ruling in not allowing the defendant to testify to the whole conversation was error. When a part of the conversation or transaction has been proven by one party, the other may call for the whole of it. Gibson v. State, 91 Ala. 64, 9 South. 171; Davis v. State, 92 Ala. 20, 9 South. 616.

For the error pointed out, the judgment of the lower court must be reversed, and the cause remanded.

Other errors insisted upon on this appeal in all probability will not arise upon another trial of this case, rendering it unnecessary to deal with the two other questions presented.

Reversed and remanded.