# Stringer *v.* The State.

*Indictment for Larceny.*

1. *Larceny; when evidence not sufficient to authorize conviction.* On a trial under an indictment charging the defendant with the larceny of money from the person of another, when the only evidence offered by the State tending to incriminate the defendant is possession by the defendant of the money charged to have been stolen, and that in response to accusations made against him that he committed the larceny, his denial thereof, such evidence is not sufficient to authorize a conviction, and the affirmative charge in favor of the defendant should be given at his request.

APPEAL from the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

The appellant was indicted, tried and convicted for the larceny of money from the person of T. P. Scarbrough. Among the charges requested by the defendant, to the refusal to give each of which he separately excepted, was the general affirmative charge in his behalf.

P. E. CULLI, for appellant, cited *Johnson v. State,* 59 Ala. 39; *Bolling v. State,* 98 Ala. 82; *Fuller v. State,* 48 Ala. 273; *Matthews v. State,* 55 Ala. 187; *Griffin v. State,* 76 Ala. 29; *Moses v. State,* 88 Ala. 78.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The offense alleged against the defendant and for which he was tried and convicted was a felony.—§ 5049 of Code. The only evidence offered by the State tending to incriminate him was the possession of the money charged to have been stolen and certain accusations made against him in his presence that he committed the larceny as alleged in the indictment, which he denied. There was no proof, independent of that afforded by this evidence, of the *corpus delicti.* On the authority of *Smith v. The State,* 133 Ala. 145, and *Matthews v. The State,* 55 Ala. 187, we are constrained to hold that this evidence was not sufficient to support a conviction, and that the general affirmative charge requested by defendant should have been given.

Reversed and remanded.