# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1904.

## Johnson *v.* The State.

*Indictment for Obtaining Money Under False Pretenses.*

1. *Indictment for obtaining money under false pretenses; Code form sufficient.*—An indictment for obtaining money under false pretenses which follows the form set out in the Code (Criminal Code, Sec. 4923, form 48) is sufficient and not subject to demurrer.
2. *Obtaining money under false pretenses; admissibility in evidence of confession; corpus delicti.*—On a trial under an indictment for obtaining money under false pretenses, in the absence of independent evidence as to the falsity of the representations made by defendant, a confession of the defendant to the effect that such representations were false, is not admissible; and it is error for the court to refuse to exclude such confession upon motion made by the defendant upon the ground that the *corpus delicti* had not been proved.
3. *Corpus delicti; when confession not sufficient to support conviction.*—A confession not corroborated by independent evidence of the *corpus delicti* is not sufficient to support a conviction of felony.

APPEAL from the Criminal Court of Jefferson.

Tried before the HON. DANIEL A. GREENE.

The appellant in this case, W. E. Johnson, was indicted, tried and convicted for obtaining money under false pretenses. The first count of the indictment was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment W. E. Johnson, whose name is to the grand

1c

[Johnson v. The State.]

jury otherwise unknown, did falsely pretend to Louis E. Brinkmeyer, with the intent to defraud, that he had and owned one-third interest in a United States Government certificate for the sum of fifty-eight hundred dollars, which had been given for work done in Mississippi for the United States Government, and by means of such false pretense obtained from the said Louis E. Brinkmeyer twenty-five dollars in lawful money of the United States of America." To this count of the indictment, the defendant demurred upon the following grounds: "1st. Said count fails to aver or show that defendant obtained money or property from any one by means of his said false pretenses. 2nd. Said count fails to aver or show that defendant obtained any money or property from L. E. Brinkmeyer or that said L. E. Brinkmeyer was injured or suffered by reason of said false pretenses." This demurrer was overruled.

Upon the introduction of one L. E. Brinkmeyer as a witness for the State, he testified that about Dec. 15th, 1903, the defendant obtained $25.00 from him by representing to him that he had a draft or a Government certificate for $5,400 or $5,800, and that upon this representation he let the defendant have $25.00; that after defendant was arrested, he saw the defendant in jail, and without his making any threats or offering the defendant any inducement, the defendant stated that he had lied to him. The defendant objected to the witness testifying to the confession made to him upon the ground that the *corpus delicti* had not been proved; and after the witness had testified to the confession, he moved to exclude said confession upon the same ground. The court overruled the objection and motion, and to each of these rulings the defendant separately excepted.

The facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State.

[Toliver v. The State.]

McCLELLAN, C. J.—The court did not err in overruling the demurrer to the first count of the indictment. It is in the Code form.—Code 1896, § 4923, Form 48, Criminal Code, p. 330.

The case being tried on the first count, a primal ingredient of the offense was the falsity of the alleged representations whereby defendant obtained money from Brinkmeyer. Without proof of such falsity the *corpus delicti* was not shown. The only evidence offered to show that the representations were false was the confession of the defendant to that-effect. In the absence of independent evidence in that connection this confession was not admissible, and should have been excluded on defendant's objection based upon the ground that the *corpus delicti* had not been proved; and the general charge should have been given for the defendant. "A confession not corroborated by independent evidence of the *corpus delicti* is not sufficient to support a conviction of felony."—*Matthews v. State,* 55 Ala. 187 ; *Smith v. State,* 133 Ala. 145; *Stringer v. State,* 135 Ala. 60.

Reversed and remanded.

TYSON, SIMPSON and ANDERSON, J. J., concurring.