# Sanders *v.* The State.

## *Larceny.*

(Decided April 19, 1910. 52 South. 417.)

1. *Larceny; Evidence; Corpus Delicti.*—The evidence in this case stated and examined and held insufficient to establish the corpus delicti of larceny or receiving stolen goods.

2. *Same; Order of Proof; Corpus Delicti.*—Where the evidence is not sufficient to show that the goods had been stolen at all, it was not competent to offer evidence of possession by the defendant of the goods.

3. *Same; Weight.*—Where the corpus delicti had not been established in a case charging larceny or receiving stolen goods, the recent unexplained possession of the goods does not raise the presumption that a larceny has been committed; there must be evidence that the goods were stolen before the unexplained recent possession of the goods is evidential for any purpose.

4. *Receiving Stolen Goods; Element of Defense.*—It must be shown .that. the goods had been stolen before the offense of receiving stolen goods can be established.

5. *Corpus Delicti; Necessity of Proof.*—A criminal charge involves the commission of a crime and the guilt of the accused, and it must be shown that the crime charged was committed before a conviction can be properly had.

APPEAL from Greene Circuit Court.

Heard before Hon. S. H. SPROTT.

Frank Sanders was convicted of larceny and receiving stolen goods, and he appeals. Reversed and remanded.

HARWOOD & McKINLEY, for appellant. The court erred in overruling appellant's objections to the two following questions which were propounded by the appellee to the witness Will Steele: (1) "State what else you found at Frank's house," and, (2) "Did you find any rings?"—*McCormack v. State,* 102 Ala. 156; *Gassenheimer v. State,* 52 Ala. 313; *Tinney v. State,* 111 Ala. 74; *Berney v. State,* 69 Ala. 233; *Karr v. State,*

[Sanders v. The State.]

106 Ala. 7; *Wisdom v. State,* 8 Porter 516-7. The lower court erred in refusing to exclude the evidence and discharge the defendant.—*Smith v. State,* 133 Ala. 150; *Stringer v. State,* 135 Ala. 60; *Orr v. State,* 107 Ala. 39; *White v. State,* 72 Ala. 200; *Bryant v. State,* 116 Ala. 452.

ALEXANDER M. GARBER, Attorney General, for the State. The nature of the articles here was evidence of the fact that they had been stolen.—*Piano v. The State,* 49 South. 803. The court properly refused the requested charges.—*Troup v. The State,* 49 South. 332; *Griffin v. The State,* 50 South. 963.

MAYFIELD, J.—The defendant was indicted of larceny, and of receiving stolen goods. The property alleged to be stolen, and received as such, consisted of 16 pairs of pants and 3 pairs of shoes, the property of G. A. Horton.

The corpus delicti was not proven, and for this reason the accused should have been acquitted.

The alleged owner of the property testified on his direct examination as follows: "That he knew the defendant. That in January, 1909, before the finding of the indictment, he recovered from the defendant 16 pairs of pants and 3 pairs of shoes. The he (the witness) had never sold any goods like these to the defendant. That the pants were worth from $1 to $2.50 wholesale, and some of them $3, a pair. That the shoes were worth $5 a pair. That these shoes and pants came out of the witness' store at Pleasant Ridge, and, so far as the witness knew, they were obtained from said store without the witness' knowledge or consent. That witness' store is located in Greene county, Ala. That some of said goods had defendant's cost mark on them."

[Sanders v. The State.]

This was all of his testimony on direct examination. On his cross-examination he testified to no other fact tending to prove the corpus delicti; but, among other things, testified: That for a number of years prior to the indictment, and at that time, he was engaged in the mercantile business at Pleasant Ridge, Greene county, Ala.; that during this time there were eight persons besides himself who were authorized to sell goods from his store, and that they did sell same; that he could not swear that the goods in question were not sold out of his store in the due course of trade that witness was absent from his store a great deal of the time; "that witness had quite a large stock of pants in his store, and quite a large stock of shoes also; that he could not swear that he missed these goods, or any of them, out of his stock, and does not know when they went out of his store; that it was not customary for the cost mark to be removed from goods when they were sold; that witness did not sell these pants and shoes himself, but could not swear that said 16 pairs of pants and three pairs of shoes, or any of them, were stolen; that he could not swear that said shoes were not sold from witness' stock in the regular course of business." That was all the evidence that, in the slightest, tended to prove the corpus delicti.

The goods in question were found in the house of the defendant, and when questioned as to where he got them—the parties questioning him at the time threatening to tie him—he ran away from his house, but did not leave the neighborhood and subsequently he removed the goods in question to a neighbor's house, but, further than this, made no attempt to conceal them.

All the evidence offered as to the defendant's possession of the goods would have been proper and admissible if the corpus delicti had been proven, or any suffi-

cient evidence offered which would authorize the jury to infer that the goods had been stolen by defendant, or by any other person; but, in the absence of such proof, it was all, of course, inadmissible.

It is but a truism to say that there can be no receiving of stolen property, unless the property in question is first stolen. It is likewise true that, in order for the possession of property to be evidence of a crime, the crime must be proven. In the recent case of *Smith v. State,* 133 Ala. 150, 31 South. 807 (91 Am. St. Rep. 21), this court reviewed some of our former cases on this subject, and spoke as follows: "It must now be regarded as settled in this state that the unexplained possession of property recently stolen does not as matter of law raise a presumption of guilt from the circumstance. Nor does the unexplained possession by one person of goods belonging to another raise the presumption that a larceny has been committed and that the possessor is a thief. Additional evidence is necessary to establish a corpus delicti. Unless the jury are satisfied beyond a reasonable doubt that the offense has been committed, the unexplained recent possession of goods will not justify the conclusion that the person in whose possession they are found is the thief.—*Orr v. State,* 107 Ala. 35 (18 South. 142); *Thomas v. State,* 109 Ala. 25 (19 South. 403). 'Proof of a charge, in criminal causes, involves the proof of two distinct propositions: First, that the act itself was done; and, secondly, that it was done by the person charged and by none other. In other words, proof of the corpus delicti and of the identity of the prisoner.'—*Winslow v. State,* 76 Ala. 47. It is undoubtedly true that both of these essential propositions are generally for the determination of the jury, and both must be proved beyond a reasonable doubt. But where there is no proof of the

[Sanders v. The State.]

corpus delicti, no testimony tending in the remotest degree to prove that the property charged to have been stolen was in fact stolen, no larceny shown to have been committed, then there can be no conviction of the prisoner, should the goods described in the indictment charged to have been stolen be found in his possession, though no explanation as to how he came by them be given by him, or , if given, is entirely unsatisfactory. In such case, the evidence is not prima facie sufficient to establish the corpus delicti, and the court should not allow the introduction of evidence of possession by the prisoner of the goods charged in the indictment to have been stolen."

There was no proof that these particular goods in question were stolen from Horton or any other person. There was no proof that these or similar goods had ever been stolen from the alleged owner. The most that it showed was that a part of these goods, or goods like them, were once in the store of Horton. But there was no evidence that they were ever stolen or thought to be stolen, other than the fact that they were found in defendant's possession; and whether this was one day, or one or two or three years, after they were in defendant's store, did not appear. Nor was there any evidence tending to fix the time when the goods were in Horton's store, or when defendant acquired them.

To repeat, there was no evidence tending to show that the property was ever stolen by any one. The fact that it was once in Horton's store, and was subsequently found in the defendant's possession, does not tend to show that it was stolen. There was not a particle of evidence to show that any theft was ever committed, as to the property in question, or as to any other. There was some evidence of the "corpus," but none of the "delicti."

[Sanders v. The State.]

The rule as to sufficiency of the evidence to support a conviction, in cases like this, is thus stated in Russell on Crimes, vol. 2, pp. 294, 295: "Where the prosecutor kept a large toyshop, and the prisoner, a little boy, came into the shop dressed in a smock frock, and after remaining there some time, from suspicion exerted, he was searched, and under his smock frock were found concealed a doll, six toyhouses, and such other things, and the prosecutor swore that he believed the six toyhouses to be his property, because they exactly resembled other toyhouses of the same sort which he had in his shop, and he gave the same evidence with regard to all the other articles except the doll, and he swore that the doll had been his, as he found upon it his private mark; but he could not say that he had not sold it, and he had not missed, and could not miss, from the nature of the stock, any of the articles which the prisoner was charged with stealing, Erle, J., said: 'It seems to me that you have failed to establish in this case the corpus delicti. It is true the prosecutor swears that the doll was once his, but he cannot state that it was taken from him; and, for aught that appears to the contrary, the prisoner may have come by it in an honest manner.' And an acquittal was directed."

It will be observed that there was no proof that the goods found in defendant's possession were ever lost; much less, stolen.

Mr. Best states the rule as to the sufficiency of evidence in criminal cases as follows: "There must be clear and unequivocal proof of the corpus delicti. Every criminal charge involves two things: First, that an offense has been committed and, secondly, that the accused is the author, or one of the authors of it. 'I take the rule to be this,' says Lord Stowell, in his judgment in *Evans v. Evans*: (1) 'If you have a criminal

[Taylor v. The State.]

fact ascertained, you may then take presumptive proof to show who did it, to fix the criminal, having then an actual corpus delicti.* * * But to take presumptions in order to swell an equivocal fact, a fact that is absolutely ambiguous in its own nature, into a criminal fact, is a mode of proceeding of a very different nature, and would, I take it, be an entire misapplication of the doctrine of presumptions.' Sir Matthews Hale, also, in his Pleas of the Crown, laid down the two following rules, which have met with deserved approbation: 'I would never convict any person for stealing the goods cupusdam ignoti, merely because he would not give an account how he came by them, unless there were due proof made that a felony was committed of these goods.' "—2 Best on Ev. pp. 751,752.

It follows that the general affirmative charge should have been given for defendant.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.