STATE, Respondent, v. BEARD, Appellant.

(147 N. W. 69.)

1. **Larceny—Corpus Delicti—Elements of Crime—Loss, Felonious Taking.**

In a case of larceny, the corpus delicti consists of two elements,—that the property was lost by owner, and that it was lost by a felonious taking; and held, that proof that a horse claimed to have been stolen by accused had been in possession of owner, and that, although it had not been sold, nor authoried to be disposed of, it was found in defendant's possession some months later, will not establish the corpus delicti.

2. **Larceny—Corpus Delicti—Presumption From Possession, When Invoked.**

In absence of proof of the corpus delicti, in a prosecution for larceny, the legal presumption of guilt from possession by defendant of recently stolen property cannot be invoked; the sphere of this presumption being, not to prove theft, but to identify the thief.

(Opinion filed May 11, 1914.)

Appeal from Circuit Court, Butte County. Hon. WILLIAM G. RICE, Judge.

The defendant, John T. Beard, was convicted of larceny, and he appeals. Reversed and remanded.

*Benedict & Wall,* for Appellant.

No testimony whatever was offered by the State, showing knowledge of the whereabouts of the horse after October, 1912. Something like five months elapsed after the horse was in the possession of Harold Sheldon until he was found in the possession of the defendant.

Possession by Beard of this horse at a time which may have been five months after it was stolen, is not a circumstance which justifies a presumption of guilt.

The possession of recently stolen property raises a presumption of guilt, but that presumption is based upon the theory that the possessor must be the thief, because the property hasn't had time to pass from one person to another since it was stolen. People v. Noregay, 48 Cal. 123; 1 Am. Cr. Rep. 436; Yates v. State, 37 Tex. 202; 1 Am. Cr. Rep. 434; State v. Walker, 41 Ia. 217; 1 Am. Cr. Rep. 432; Galloway v. State, 41 Tex. 289; 1 Am. Cr. Rep. 437; State v. King, 124 N. W. (Iowa) 164.

The State failed to show any felonious intent on the part of Beard. Dean v. State (Fla.) 26 So. Rep. 638; 11 Am. Criminal Rep. 567.

*Royal C. Johnson,* Attorney General, and *J. W. Malvin,* State's Attorney, for Respondent.

When a person is found in possession of recently stolen property, the burden of accounting for such possession rests upon him; the possession of itself raises a presumption against the accused which will justify conviction if he does not meet it by a reasonable explanation. 25 Cyc. 133.

GATES, J. The defendant was, by information, charged with the larceny at Butte county, S. D., on March 12, 1913, of one sorrel saddle horse branded 7h6 on the left shoulder, the property of the J. G. Sheldon estate. The trial was had in November, 1913, resulting in a conviction of the defendant of the crime charged. From the judgment and order denying a new trial the defendant appeals.

The evidence introduced on behalf of the prosecution dis-

closes that the defendant brought the horse in question, with other horses, to the Erickson ranch in Butte county from the southwest en route to North Dakota, between March 10th and 15th, 1913; that this horse had been owned by J. G. Sheldon; that it was sold by him to Earl Bell; that Sheldon took back a mortgage on the horse; that the mortgage was not paid; that by direction of the administrators, after Sheldon's death, the horse was voluntarily surrendered by Bell to Harold Sheldon, the manager of the stock and ranch of the Sheldon estate, in October, 1912. Harold Sheldon testified that he had not sold the horse to the defendant nor to anyone else. One of the two administrators of the estate testified that he had not sold the horse to defendant nor to anyone else, and had never given anyone authority to take the horse and dispose of it. The other administrator testified to the same effect. In rebuttal the State offered evidence tending to show that the defendant made an admission at the time of the preliminary hearing, that he knew that the horse in question belonged to the Sheldon estate or that he knew that the horse in question had the Sheldon brand upon it.

[1, 2] It is urged by appellant's counsel that the *corpus delicti* has not been proven. A review of the testimony offered on behalf of defendant will not be helpful to the discussion of this question because it in no manner tends to supply the defect in the proof that a crime had been committed. We are inclined to the view that the appellant's contention is correct. It was not shown that the horse in question was ever lost or missed from the Sheldon ranch. No evidence as to the whereabouts of the horse subsequent to October, 1912, was offered until it was shown to be in possession of the defendant in March, 1913. The negative evidence of the administrators and of Harold Sheldon that they had not sold or consented to a sale or disposition of the horse was not evidence that a crime had been committed. In Dalzell v. State, 7 Wyo. 450, the court held that the *corpus delicti* in larceny consisted of two elements,—that the property was lost by the owner and that it was lost by a felonious taking. Neither of these elements was attempted to be proved in this case. Unless the *corpus delicti* was proven the evidence of the possession of the horse by the defendant at the Erickson ranch in March, 1913, was not sufficient to

authorize the conviction for larceny. In §739 Bishop on Crim. Pro., the author says:

"The corpus delicti or fact that the goods have been stolen is a thing apart from the presumption we are considering." (viz. the presumption from the possession of the stolen goods;) "so that before the presumption can be invoked the fact of the stealing must be otherwise shown; the sphere of this presumption being, not to prove the theft but to identify the thief."

See also Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536, and cases cited under the note in the L. R. A. citation of said cause.

This conclusion renders it unnecessary to consider the other errors complained of. The judgment and order denying a new trial are reversed and the cause remanded.