McMICKENS v. STATE. (6 Div. 313.)

(Court of Appeals of Alabama. May 29, 1917.)

1. LARCENY ☜41—MATTERS TO BE PROVED.
To sustain a conviction for larceny, the state must establish ownership of property, that the property was taken with felonious intent by defendant, or that he aided or abetted, its value, and the time and venue.
[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 127, 129.]

2. LARCENY ☜55, 56—SUFFICIENCY OF EVIDENCE.
In a prosecution for petit larceny of scrap brass, evidence held insufficient to show that defendant was guilty, or that the property was in fact ever stolen.
[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 149, 152, 164, 165.]

3. CRIMINAL LAW ☜398(2)—BEST AND SECONDARY EVIDENCE—NONCONSENT.
In a prosecution for larceny, where nonconsent is essential, there must be direct proof from the person whose nonconsent is necessary, and other inferior proof cannot be resorted to until it is impossible to procure such evidence.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 882–886, 890.]

4. CRIMINAL LAW ☜317—FAILURE TO CALL WITNESS—NONCONSENT.
Where the person who had last had innocent possession of property claimed to have been stolen could have been called by the state as a witness, some sufficient reason why it was not done should be shown.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 732.]

5. CRIMINAL LAW ☜369(5) — ADMISSION OF EVIDENCE—OTHER OFFENSES—LARCENY.
In a prosecution for larceny of scrap brass sold by defendant, evidence was inadmissible to show other sales of such brass by defendant to the same person.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822, 823.]

6. CRIMINAL LAW ☜722(1) — REMARKS OF PROSECUTOR NOT JUSTIFIED BY EVIDENCE.
The solicitor's statement in argument to the jury that defendant had stolen 2,000 pounds of copper wire within two months was improper, where the evidence did not justify the remark.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1674.]

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Amos McMickens was convicted of petit larceny, and appeals. Reversed and remanded.

Divested of all objectionable testimony, the evidence for the state was as follows:

That one Bumby, who lived in Bessemer, and who was in the scrap iron business, knew the defendant and had purchased about $100 worth of copper, wire, and brass from him, during the year 1912; that some of it was brass grip shoes and copper wire; that it was brought to him in a wagon several times during the winter and spring of 1912; that witness asked defendant if he had authority to sell the stuff, and defendant said that he did; that all of the transactions were in the daytime; that you could always see what he had in his wagon; and that defendant always came with the stuff in broad daylight, right through town.

One Crawford, an employé of the Woodward Iron Company, as its deputy sheriff, testified that the company claimed to have missed some brass during 1912; that he and another deputy went down to investigate, and found some brass and copper wire that looked like brass the company lost, at Bumby's scrap heap; there were three brass grip shoes and $7.50 worth of copper wire; that it was just like the brass and copper junk that had been piled near the washer; that witness could not say the property he found at Bumby's was the property of the company; that there were no marks of identification on it.

One Mims, another deputy sheriff employed by the company, testified that at the scrap heap of Bumby he and Crawford found some copper wire (but no brass grip shoes), which he identified as the property of the company.

The defendant admitted selling Bumby 100 pounds of copper wire and scrap brass

---

which he said he bought from a man called Whiskey Bill; that Sterle, the master mechanic for the company, had told 'defendant they had given Whiskey Bill some of this scrap brass. The defendant denied that he stole the property he sold, and proved a good character. The venue was admitted. The other facts necessary to a decision are stated in the opinion.

Mathews & Mathews, of Bessemer, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] In order to sustain a conviction for larceny, the state must establish: (1) The ownership of the property; (2) that the property was taken; (3) its value; (4) that it was taken with felonious intent; (5) that the 'defendant did the taking, or aided or abetted; and, (6) the time and venue.

[2-4] There is no competent evidence in the record to show that the property charged in the indictment to have been stolen was in fact ever stolen at all.

"Where nonconsent is a principal ingredient in the offense, direct proof alone from the person whose nonconsent is necessary can satisfy the rule. Other and inferior proof cannot be resorted to till it be impossible to procure this best evidence. Where the person who last had innocent possession of the property can be called as a witness, some sufficient reason why it is not done ought to be shown." 1 Mayfield, 579, § 242.

There is no evidence in this case from which the jury would be warranted in saying, beyond a reasonable doubt, that the defendant ever took the property described in the indictment from the possession of the Woodward Iron Company, or, if he did so, it was felonious. The agent of the company having this property in charge might have been examined, or at least some one who knew that the property had been in the possession of the company, and had been taken without its consent.

[5] The court, over the objection of the defendant, admitted proof of sales of wire and brass made by the defendant to Bumby at various times during the year 1912. This was error. Tinney v. State, 111 Ala. 74, 20 South. 597; Gibson v. State, 14 Ala. App. 111, 72 South. 210.

[6] The solicitor in his argument made use of the following remark:

"My heavens, did you ever see a case that approached this? In two months' time he stole 2,000 pounds of copper wire."

There was no evidence to justify this remark. Prosecuting attorneys should not let their zeal carry them outside the record. The state only demands convictions on evidence. Newell v. State, ante, p. 77, 75 South. 625.

The other rulings of the court were without error.

For the errors above pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.