(77 South. 963)

MULLINS v. STATE. (4 Div. 516.)

(Court of Appeals of Alabama. Feb. 12, 1918.)

BURGLARY ⊂⊃42(1)—EVIDENCE—POSSESSION OF PROPERTY.

Proof that goods were found in the possession of defendant will not support a conviction for burglary, there being no testimony tending in the remotest degree to prove that the property charged to have been stolen was stolen in fact, that is, no larceny is shown to have been committed.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Asa Mullins was convicted of burglary, and he appeals. Reversed and remanded.

J. R. Thomas, of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried and convicted of burglary, under an indictment charging "that he with intent to steal broke into and entered the storehouse of Mrs. P. F. Hanckey, in which goods, merchandise, or clothing, things of value, were kept for use, sale, or deposit," etc.

On this appeal, it is insisted that the state failed to make out a case. There was no testimony offered by the state to connect the defendant with the actual breaking. The state relied for a conviction in this case upon the fact as shown by its testimony that three or four months after the alleged burglary the defendant was found to be in possession of some paint and articles of hardware similar to the kind that was kept in the store for sale at the time of the burglary. In other words, the state relied on the theory that the defendant was found to be in the recent, unexplained possession of the goods which had been stolen from the store at the time of the alleged burglary. A careful examination of all the evidence fails to show that the goods in question were ever stolen by any one; on the contrary, the principal witness for the state, one Ogletree, testified:

"You understand I did not swear that the paint came from our store. So far as I know, somebody else might have got it. We sell paint to anybody that wants to buy it. I did not know what, if any, goods had been taken from the store, and cannot say that any paint of any kind was taken from there. On the morning after the breaking, I did not take stock to ascertain whether or not anything had been stolen. I did not miss anything from the store."

It was not proven by this witness nor by any witness introduced by the state that the goods found in the possession of the defendant were stolen goods, and no facts were shown from which it could be inferred. In order for the possession of property to be evidence of a crime, the crime itself must be proven. But where there is no proof that the goods were stolen goods and no testimony tending in the remotest degree to prove that the property charged to have been stolen was in fact stolen, no larceny shown to have been committed, then there can be no conviction of the defendant.

"To make the possession of goods evidence against a party charged with stealing them, the larceny must first be proved, and then the possession of the stolen goods may be presumptive evidence of guilt, unless the party found in the possession of goods can show how he came by them." Fuller v. State. 48 Ala. 273; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536.

Under the undisputed evidence in this case, the defendant was entitled to the affirmative charge requested by him in writing, and for the error of the court in refusing to give this charge, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.