(84 South. 858)

WADE v. STATE. (4 Div. 610.)

(Court of Appeals of Alabama. Feb. 10, 1920.)

LARCENY ☜68(1)—DEFENDANT HELD ENTITLED TO THE AFFIRMATIVE CHARGE.

In view of the probabilities of innocence, evidence of loss of jewelry in a house where defendant was employed as servant, taken practically alone, *held* insufficient to go to the jury; defendant being entitled to the general affirmative charge.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Minnie Wade was convicted of larceny, and she appeals. Reversed and remanded.

The facts, as stated in brief of counsel for appellant and borne out by the record, are as follows:

The defendant, Minnie Wade, appellant here, was a negro girl about 17 years of age, and was employed as house servant by Dr. and Mrs. Cornell. With them lived their daughter, Miss Florence Cornell. On Saturday, following Christmas day, 1917, the daughter, Miss Florence, missed a ring and a lavaliere, worth in the aggregate $500. Her attention was attracted to the loss by the discovery of some loose beads on the floor near the trunk in which she had placed the ring and the lavaliere. Immediately suspicion attached to the young servant girl, the defendant, and the police were called and made vigorous and thorough search for the lost jewelry, but never found it.

It appears from the evidence that the lost jewelry was placed in Miss Cornell's trunk by her on Wednesday afternoon or evening, before it was missed on the following Saturday. It was not missed, however, until between 11 and 12 o'clock a. m. on Saturday, notwithstanding she was in her home all during Thursday, Friday, and Saturday, and the remainder of Wednesday, after the jewelry was placed in the trunk. The defendant was employed to aid about the cooking, and often helped with the house-cleaning. But Miss Cornell does not know whether defendant went into her (Miss Cornell's) room on Saturday, the day the jewelry was missed. The defendant did, according to her own testimony, go into Miss Cornell's room occasionally, but whether between the said Wednesday and Saturday alone does not appear. Defendant testified that some one, either Miss Cornell or Mrs. Cornell, was with her every time she went into Miss Cornell's room. It at least does not appear from Miss Cornell's testimony that defendant went into her room on this particular Thursday, Friday, or Saturday alone. Mrs. Cornell was at home Wednesday, Thursday, Friday, and Saturday all the time, never leaving the house. The defendant was not required to prepare supper, but left in the afternoons, after her work was finished.

The other circumstantial evidence was the testimony of Policemen Hatfield and Brannon, who went to arrest defendant and search for the lost jewelry. They testified that defendant said she never saw any beads in the trunk, and that defendant appeared to be nervous when they went to arrest her. They further testified that she denied stealing anything before being accused, but after a vanity case had been held up to her for identification.

The defendant testified that she knew nothing of the jewelry that was lost, that she did not steal it, and that she had never seen it; that she had been a servant in this home for only a short time, a week or ten days, and was confined to work mostly in the kitchen, except when she assisted some member of the family in the housework.

The court permitted the state to prove by defendant that she had several gold teeth put in her mouth after the larceny, in an effort, as the court stated, to show expenditures of large sums of money immediately after the alleged larceny.

The defendant offered to prove her good character for honesty, but the court refused to permit her to do so.

Chauncey Sparks, of Eufaula, for appellant.

The defendant was entitled to the affirmative charge, as requested by her. 68 Ala. 539; 83 Ala. 55, 3 South. 530; 135 Ala. 60, 33 South. 685; 7 Ala. App. 144, 62 South. 270; section 5362, Code 1907. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. We have examined the evidence in this case, and are of the opinion that the state failed to meet the burden of proof necessary to a conviction. The probabilities of innocence are entirely too numerous to permit the conviction to stand. Jeffries. v. State, 7 Ala. App. 144, 62 South. 270; McMickens v. State, 16 Ala. App. 78, 75 South. 626.

The defendant was entitled to the general affirmative charge. For the error, the judgment is reversed, and the cause is remanded.

Reversed and remanded.