(93 South. 228)

## MITCHELL v. STATE. (2 Div. 261.)

(Court of Appeals of Alabama. June 30, 1922.)

Larceny ☞68(1)—Evidence of guilt held insufficient for jury.

In a prosecution for grand larceny, evidence *held* insufficient to justify submission of the question of defendant's guilt to the jury.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Nathaniel Mitchell was convicted of grand larceny, and he appeals. Reversed and remanded.

Jerome T. Fuller, of Centerville, for appellant.

Under the evidence adduced, the court should have directed a verdict for the defendant. 76 Ala. 29; 129 Ala. 523, 30 South. 623; 2 Ala. 43, 36 Am. Dec. 398; 99 Ala. 159, 13 South. 536; 89 Ala. 56, 8 South. 66.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted of grand larceny and sentenced to the penitentiary for an indeterminate term. The evidence shows the loss of a gold band ring from a jewelry case on the dresser in a room of the home of Dr. Tucker; that the ring was placed in the jewelry case on a certain Sunday night; that the jewelry case was not looked into by the owner of the ring until the following Wednesday night, at which time the ring was first missed; that the ring was found about a week thereafter ·by Watson Lee, hanging on a nail in the kitchen of this same home; that Watson Lee worked around this home at the time of the alleged theft; that the appellant, Watson Lee, and John Henry Ingram were in the room where the ring was supposed to be with the children on Tuesday night before the ring was missed on Wednesday; that they had been asked to stay in there with the children while the family ate supper; that on the morning of the day that the ring was found the mother of Watson Lee and John Henry Ingram had been in the kitchen cleaning· up; that, on the night that the three named parties were in the room where the ring was alleged to be, John Henry Ingram and appellant were at the dresser, looking at some pictures in a book, and that, as appellant walked away from the dresser, he put his hand in his hip pocket; that Watson Lee stated where he was standing when he saw the ring on the nail, and Dr. Tucker, standing where the boy said he was standing, could not see the ring; that no one was seen to go into the jewelry case on the night they were in the room; that the entire week during which the ring was alleged to have been stolen John Henry Ingram worked at the house, Watson Lee and his two sisters were there most of each day, and while at the house they would go in and out of the room where the ring was at various times during the day; that appellant was working for Dr. Tucker at the time the ring is said to have been stolen.

Under these facts and circumstances, the question of the appellant's guilt should not have been submitted to the jury. He was entitled to the affirmative charge as requested, and in refusing it the trial court committed reversible error. Wade v. State, 17 Ala. App. 371, 84 South. 858; Jeffries v. State, 7 Ala. App. 144, 62 South. 270; McMickens v. State, 16 Ala. App. 78, 75 South. 626.

Reversed and remanded.