(100 So. 925)

Mansfield JONES v. STATE. (6 Div. 458.) (Court of Appeals of Alabama. June 3, 1924.) Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge. Manslaughter in second degree.

SAMFORD, J. There is no bill of exceptions, and, no error appearing on the record, the judgment is affirmed. Affirmed.

(100 So. 925)

Geo. W. JONES v. STATE. (4 Div. 936.) (Court of Appeals of Alabama. June 17, 1924.) Appeal from Circuit Court, Coffee County; W. L. Parks, Judge. Violating prohibition law.

FOSTER, J. Appeal dismissed.

(101 So. 924)

Lila JONES v. STATE. (4 Div. 59.) (Court of Appeals of Alabama. Nov. 11, 1924.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Murder in second degree.

FOSTER, J. Appeal dismissed, on motion of appellant.

(104 So. 922)

Archie KAY v. STATE.* (7 Div. 100.) (Court of Appeals of Alabama. March 24, 1925. Rehearing Denied April 21, 1925.) Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge. J. A. Embry, of Ashland, for appellant. Harwell G. Davis, Atty. Gen., for the State.

RICE, J. The defendant was convicted of the offense of having in his possession a still, etc., and he appeals. A detailed discussion of the evidence, and the few exceptions reserved to the action of the court in its admission or rejection, would involve only a review of elementary principles, and could serve no useful purpose. No brief has been submitted on behalf of appellant, and we are unable to discover any prejudicial error in any ruling of the court made during the conduct of the trial. There was ample evidence to support the verdict returned, and the court did not err in refusing to give the general affirmative charge in favor of the defendant. The other charges refused to the defendant were fully and amply covered by the court's oral charge to the jury. There appearing to be no prejudicial error in the record, let the case be affirmed. Affirmed.

*Certiorari denied 104 So. 917.

(102 So. 922)

Dan KEY v. CITY OF BIRMINGHAM. (6 Div. 570.) (Court of Appeals of Alabama. Jan. 13, 1925.) Appeal from Circuit Court, Jefferson County; John McKinley, Judge.

BRICKEN, P. J. The prosecution against this appellant originated in the recorder's court of the city of Birmingham. The charge against him was carrying concealed weapon. From a judgment of conviction in said court he appealed to the circuit court, and was there tried for the same offense upon complaint filed by the city attorney. The jury returned a verdict of guilty, and judgment of conviction was accordingly pronounced and entered. From said judgment this appeal is taken, and the cause is submitted here upon motion to affirm. This motion of necessity must be granted, as there is no assignment of error, nor bill of exception, and the record proper, upon which the appeal is predicated, is regular in all respects. Let the judgment be affirmed. Affirmed.

(101 So. 924)

Mel KIMBRELL v. STATE. (5 Div. 517.) (Court of Appeals of Alabama. Oct. 28, 1924.) Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge. Violating prohibition law.

BRICKEN, P. J. Appeal abated, on account of death of appellant.

(103 So. 925)

Dolphus KING and Hudson King v. STATE. (8 Div. 242 & 243.) (Court of Appeals of Alabama. March 24, 1925.) Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge. Violating prohibition law.

PER CURIAM. The evidence in this case has been examined and considered by this court en banc. We are of the opinion that the state failed to meet the burden of proof necessary to a conviction of either of the defendants. The probabilities of innocence are entirely too numerous to permit the conviction of these two men to stand. Jeffries v. State, 7 Ala. App. 144, 62 So. 270; McMickens v. State, 16 Ala. App. 78, 75 So. 626; Wade v. State, 17 Ala. App. 371, 84 So. 858. The defendants were entitled to the general affirmative charge requested in writing. For the error in refusing these charges, the judgment of conviction is reversed, and the cause is remanded. Under all the evidence here shown, the defendants were entitled to an acquittal. Reversed and remanded.

(100 So. 925)

March KIRKLAND, alias, etc., v. STATE. (4 Div. 906.) (Court of Appeals of Alabama. June 24, 1924.) Appeal from Circuit Court, Houston County; H. A. Pearce, Judge. Assault and battery.

SAMFORD, J. Appeal dismissed.