(129 So. 484)

## HUEY v. STATE.
### 6 Div. 595.

Court of Appeals of Alabama.
June 30, 1930.

Cora R. Thompson and Von L. Thompson, both of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

Counsel for appellant misconceives the meaning of the term "corpus delicti," proof of which authorizes evidence of a confession by the defendant admitting his guilty agency. Corpus delicti is the body of the crime; i. e., that a crime has been committed. Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536. In this case the corpus delicti is proven without dispute; that is to say, five gallons or more of prohibited liquors was transported in violation of law and at the time laid in the indictment. The question was, therefore, Who was the guilty agent? The state offered eyewitnesses who testified under oath that defendant was the party, and there were other witnesses for the state who testified to a confession on the part of defendant as to his guilt. If this evidence is believed by the jury beyond a reasonable doubt, the defendant was rightfully convicted. Let it be admitted that defendant offered much testimony, which, if believed, established a complete alibi. The answer is, it was a question for the jury, and, exercising their province, they believed the evidence for the state.

The record of the case in the magistrate's court, the defendant's plea of guilty, and his admission in said court that the whisky was his, were all admitted without objection. There are therefore no rulings of the court to review.

We have examined all of the other exceptions, and find no error prejudicial to the defendant.

There is no error in the record, and the judgment is affirmed.

Affirmed.