182 So. 78
### MOONEYHAM et al. v. STATE.
4 Div. 376.

Court of Appeals of Alabama.

May 10, 1938.

Rehearing Denied May 24, 1938.

Millard I. Jackson, of Clayton, for appellants.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

After a careful reading of the evidence in this case and an attentive consideration thereof this court is of the opinion that the conviction of the two appellants was improperly had thereon. The scintilla rule has no application in a criminal case, and the cursory evidence upon which the conviction was rested barely afforded even a scintilla as to guilt. It appears to this court that the verdict and judgment in this case was, of necessity, predicated upon evidence that did not rise above the dignity of conjecture, suspicion, and guesswork. It is true that the alleged injured party testified that he lost several hogs, but there is nothing in his testimony tending to show that his hogs were feloniously taken and carried away, and the law requires that this fact must affirmatively appear from the evidence. In his testimony witness Kelly made no attempt to connect these appellants with the disappearance of his hogs, and stated, "my feelings towards these two boys are all right." The evidence further discloses that some time subsequent to the alleged disappearance of Kelly's hogs, these two defendants sold seven head of hogs in Ariton at a hog sale held in that town. This fact was without dispute. In this connection, however, the defendants gave evidence tending to show that the hogs they sold were their own property and strenuously denied that any of them were hogs that Kelly had missed. There was no testimony adduced to show, that either of the hogs sold by them were of like description to the Kelly hogs.

At the conclusion of the State's evidence, the defendants moved the court to exclude same and discharge the defendants, on the ground that the evidence was insufficient to convict them. The court overruled the motion, to which action exception was reserved. The court also refused to defendants the affirmative charge requested in writing. There are numerous exceptions to the rulings of the court throughout the trial, but the two questions above stated are the principal grounds insisted upon to effect a reversal of the judgment of conviction from which this appeal was taken.

As to the scintilla rule, above mentioned, see Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

■ In our case of McMickens v. State, 16 Ala.App. 78, 75 So. 626, this court, (through Samford, J.) said (page 627): "In order to sustain a conviction for larceny, the state must establish: (1) The ownership of the property; (2) that the property was taken; (3) its value; (4) that it was taken with felonious intent; (5) that the defendant did the taking, or aided or abetted; and, (6) the time and venue." And in said case, the court further stated (page 627): "There is no competent evidence in the record to show that the property charged in the indictment to have been stolen was in fact ever stolen."

■ In the absence of proof as to the elements of the corpus delicti, which, as stated, include (1) that the alleged property had been feloniously taken and carried away; (2) by the accused, there can be no conviction of larceny. 36 C.J., par. 483, pp. 899, 904, and cases cited.

As stated in Winslow v. State, 76 Ala. 42, 47, "Proof of the charge, in criminal causes, involves the proof of two distinct propositions: first, that the act itself was done; and secondly, that it was done by the person charged, and by none other—in other words, proof of the corpus delicti, and of the identity of the prisoner." Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.,N.S., 536.

In support of this insistence we have been cited the case People v. Wallace, 303 Ill. 504, 135 N.E. 723, the facts of which are peculiarly analogous to the facts in the case at bar. We quote with our approval, the following excerpt from the opinion in the Wallace Case, rendered by Mr. Justice Duncan of the Supreme Court of Illinois, wherein it is said (page 725): "It was incumbent upon the people in this case to prove the corpus delicti beyond a reasonable doubt. This rule is well established in criminal cases and requires no citation of authority to support it. The corpus delicti in this case consisted of two elements: (1) The establishment of the fact that the hogs in question were lost to the owner, Jacob Littlefield; and (2) that they were lost to him by a felonious stealing, taking and driving away. Both of these elements or facts must be established beyond reasonable doubt before the conviction of the plaintiffs in error can be sustained. We have stated substantially all of the evidence in the record, and while the testimony of the people's witnesses is a very remarkable story casting strong suspicion upon the plaintiffs in error and others, yet it does not satisfactorily prove the corpus delicti. This is so because there is not a single witness that undertakes to testify that the hogs in question were the hogs of Littlefield, and the few circumstances testified to by the witnesses are not sufficiently certain and definite to supply the evidence which the witnesses could not furnish from their own knowledge. The hogs that Littlefield lost were not definitely described. All that the record shows is—and that by inference—is that they were red, or black, or white, or mixed colored, or that some were red, and some black, and some white, and some mixed colored. The record furnishes no other mark upon Littlefield's hogs by which they might be identified as the 11 hogs testified about by the Riddells. The best that the record reveals is that Littlefield's hogs were about the same size as the 11 hogs taken from Keys' field and of about the same weight, and that they might possibly be of the same color as the hogs lost by Littlefield. For the same reason it cannot be said that the defendants were proven guilty, beyond a reasonable doubt, of stealing 11 hogs from Littlefield, as charged in the indictment, although they were probably of the same size and the same in number as those hauled by the Riddells and sold in Terre Haute. We think that a proper regard for the legal rights of the plaintiffs in error demands a reversal of the judgment in this case."

■■ We cannot undertake to set out at length the evidence in this case, but, as stated, we have examined it with painstaking care, and are satisfied that, taking it as a whole, it does not fairly and reasonably permit of inferences of the guilt of the defendants, and is not sufficient to make out a prima facie case, and hence should not have been submitted to the jury. The question of whether there is any evidence of guilt is not a question for the jury, but is one for the court; and no trial court can submit a criminal case to a jury when there is no proof of guilt, without committing reversible error. It is against public policy to allow such convictions to stand, and for this reason the law does not allow an accused person to be convicted of a felony, or other crime, except in the form and manner prescribed by law.

The court erred to a reversal in overruling defendant's motion to exclude the evidence and discharge the defendants. There was also error in refusing to defendants the general affirmative charge requested in writing. Other insistences of error are presented but need not be considered, they not being necessary to the conclusion here decided upon and announced.

Reversed and remanded.