186 So. 785

**WILLIAMSON et al. v. STATE.**

3 Div. 804.

Court of Appeals of Alabama.

Feb. 21, 1939.

Hamilton & Jones, of Evergreen, for appellants.

A. A. Carmichael, Atty. Gen., and Edw. B. Crosland, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for grand larceny, these two appellants appealed.

The indictment charged them, and also one Burgess Andrews, with having feloniously taken and carried away four cows, or animals of the cow kind, the personal property of Grady Watson. At the conclusion of the taking of testimony, the court, upon motion of the Solicitor, entered a nol pros as to the accused Burgess Andrews, who was thereby discharged from further custody.

456

■ Necessary for a conviction in every criminal case two controlling questions are involved: (1) that the act complained of has been committed, and (2) that it was done by the person, or persons, charged and by no one else. In other words, proof of the corpus delicti and of the identity of the guilty person, and both of these essential propositions must be established by the evidence beyond a reasonable doubt. Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.,N.S., 536.

■ As we construe the testimony adduced upon the trial in the court below, neither of the above stated essentials has been established. The facts of this case appear to be very similar to the facts in our recent case of Mooneyham v. State, 182 So. 78.[1] Such difference as may exist in the testimony of the two cases, may be stated that in the case at bar the State's testimony does not appear as strong against defendants as that in the Mooneyham case. Here, the evidence discloses merely that the cattle in question had been missing from the locality where they usually ranged. This, notwithstanding it is shown by this evidence that along about the same period of time the cattle were missed, the appellant Williams sold to a Mr. Daw four head of cattle, is not sufficient to show under the required rule that said cattle had been feloniously taken and carried away, or in other words had been actually stolen. The alleged injured party testified all he knew about the cattle was they were missing. "I do not know what became of them." In this connection the undisputed evidence discloses that Williams himself owned, and had raised one of the cows he sold to Daw, and that the remaining three head of cattle he sold to Mr. Daw had some time prior been bought by Williams from his father. He and his father both testified to these facts, and, as stated, this testimony is in no manner refuted or contradicted.

■■ No sufficient evidence to establish the corpus delicti having been adduced, the so-called confession of defendant Miniard was erroneously admitted. In no event, as the trial court correctly ruled, what Miniard stated to witnesses Jones and Moore was necessarily confined to said witness, and it was so ruled by the learned trial judge. The statement, if made, was in the absence and not in the hearing of Williams, and the jury was not authorized to consider such alleged statement as against defendant Williamson.

■ Pretermitting the question of the sufficiency of the predicate to authorize the introduction of testimony of an extra judicial confession alleged to have been made by Miniard, such extra judicial confession could not be considered, in any event, to establish the corpus delicti. To support a conviction of felony, there must be evidence of the corpus delicti, independent of and distinct from the confession. Matthews v. State, 55 Ala. 187.

We have been furnished very excellent briefs by respective counsel. If deemed necessary to announce an extended opinion in this case, these briefs would be very helpful. Practically every proposition presented in brief of appellant are correctly stated, and sustained by clear and convincing argument and authorities. We do not see, however, where any good could be had in extending this opinion to undue length. We are clear to the opinion, after a full, thoughtful and attentive consideration of the entire evidence, that no sufficient proof was adduced to prove, under the required rule, the corpus delicti in this case, and this of course is conclusive and final. The court should have so ruled. The request so to do was made in practically every conceivable manner. In each of the court's rulings on this question reversible error prevailed, and as a result the judgment of conviction from which this appeal was taken is reversed and the cause remanded to the lower court for further action in line with what has been here said.

Reversed and remanded.

