·63 So.2d 223

### PATE v. STATE.
#### 2 Div. 815.

Court of Appeals of Alabama.
Jan. 20, 1953.

Rehearing Denied Feb. 3, 1953.

62 So.2d 921

### ELLISON v. CITY OF TALLADEGA.
#### 7 Div. 238.

Court of Appeals of Alabama.
Jan. 27, 1953.

Love & Hines, Talladega, for appellant.

Dixon, Wooten & Boyett, Talladega, for appellee.

Frank G. Horne, Atmore, and Ralph L. Jones, Monroeville, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

On November 16, 1948 the grand jury of Wilcox County filed in open court an indictment charging the accused with the offense of the larceny of a cow. The indictee was arrested the next day and committed to jail.

The trial was had on the 8th day of December, 1950, and resulted in a judgment of conviction and the imposition of a five-year sentence to the state penitentiary. A motion for a new trial was filed on January 5, 1951 and overruled on May 28, 1952. The case on appeal was submitted in this court on December 18, 1952.

The facts in brief as disclosed by the evidence are as follows: Alex Kidd testified that he lived in Clarke County, Alabama; that in the spring of 1948 he missed a yellow cow from his pasture; that he did not know what became of the animal and had not seen her after her disappearance.

Irby Williams testified that he lived in Clarke County also, but within a quarter of a mile of the line which divides the counties of Clarke and Wilcox; that in the spring of 1948 the appellant came to his home with four cows; that he did not remember the description of either of them, except one "Looked to me like it was a dull colored, but it was a yellow cow all right"; that the accused made inquiry as to whether or not the cows belonged to witness; that the latter disclaimed ownership, but told appellant to carry the animals back home and he (witness) would lend assistance in trying to locate the owner.

Williams testified also that he was not acquainted with any of the cows owned by Alex Kidd.

Following the introduction of the above delineated evidence, the state, over the timely objections of appellant's attorney, was allowed to introduce a confession of the defendant or a statement in the nature thereof.

There are several questions which are presented and pressed for error. We will confine our review to only one, which unquestionably, we think, is meritorious.

█ It is a legal truism that a confession of an accused on trial is not admissible in evidence without proof of the corpus delicti of the crime for which he stands charged. That is to say, independently of the confession the prosecution must estab-

lish prima facie the corpus delicti. Singleton v. State, 33 Ala.App. 536, 35 So.2d 375; Johnson v. State, 142 Ala. 1, 37 So. 937.

 The authorities also hold that in the absence of proof in this aspect a conviction is not supported and cannot be sustained. Johnson v. State, supra; Gamble v. State, ante, p. 581, 60 So.2d 696.

What we have herein above set out constituted all of the evidence in the case at bar.

The defendant did not testify nor offer any witnesses in his behalf.

"The corpus delicti in larceny is constituted of two elements: (1) that the property was lost by the owner; and (2) that it was lost by a felonious taking." 32 Am.Jur., Larceny, Sec. 121, p. 1033.

In the instant case we think that the state failed to sufficiently establish both of these elements.

The testimony of Alex Kidd, the owner of the lost cow, is not adequately directive or potent to show a felonious taking. The offense of larceny contemplates and includes a trespass or wrong in the possession. For aught appearing the cow may have strayed from the owner's pasture.

The witness Williams did not identify the cow as one belonging to Kidd. The fact that he described it as being of a yellow color is not sufficiently descriptive. It is a matter of common knowledge that there are many cows of this color.

The following authorities support our view. Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.,N.S., 536; Green v. State, 68 Ala. 539; Jeffries v. State, 7 Ala.App. 144, 62 So. 270; McMickens v. State, 16 Ala.App. 78, 75 So. 626; Mooneyham v. State, 28 Ala.App. 228, 182 So. 78; Williamson v. State, 28 Ala.App. 455, 186 So. 785.

The trial court erred in admitting the confession of the defendant. The appellant was also entitled to the general affirmative charge.

The judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.