83 So.2d 606

Henry BUFFINGTON

v.

STATE.

5 Div. 476.

Court of Appeals of Alabama.

Nov. 22, 1955.

Harry D. Raymon, Tuskegee, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

BONE, Judge.

The appellant was indicted on a charge of grand larceny. Trial was had before a jury, and the appellant was found guilty. The court sentenced him to one year and one day in the state penitentiary. From this conviction and sentence, the appeal was taken.

On March 3, 1955, at approximately 10:00 a. m., a gold wristwatch was placed in the show window of the Tuskegee Jewel Box, a jewelry store in Macon County, by Mrs. Eric Daugherty, an employee. The evidence showed that a Mr. V. H. Massey was the owner of the store. Mrs. Daugherty testified that she left the store for approximately thirty minutes and that when she left the watch was in the window. While she was gone, the appellant and Sally Johnson came into the jewelry store and discussed some purchases with another employee, Bill Coggins.

While Mr. Coggins was back at his desk the appellant was seen to reach his hand into the curtain which covered the door going to the window where the watch was located. The appellant made no purchases, but said he would be back for a watch which was to be polished. Some five or ten minutes later the watch was missed by Mr. Coggins.

The appellant was arrested in Montgomery. The watch was never found, and the appellant denied that he took the watch.

At the conclusion of the State's evidence, a motion to exclude the evidence was made by the appellant, and denied. At the conclusion of all the testimony, the affirmative charge was requested by the defendant, and refused.

■ In order to sustain a conviction for grand larceny the State must establish (1) the ownership of the property, (2) that the property was taken, (3) its value, (4) that it was taken with a felonious intent, (5) that the defendant did the taking or aided or abetted, and (6) the time and venue. McMickens v. State, 16 Ala.App. 78, 75 So. 626; Mooneyham v. State, 28 Ala.App. 228, 182 So. 78.

■ The State insists that the value of the property was established when the witness Coggins testified that the appellant, while in the county jail, offered to pay $85 if he would drop the charges against him, though appellant denied at all times that he had taken the watch. This contention by the State is not well taken. Not a single witness testified as to the value of the watch, or that the watch was a thing of value.

■ We have examined the evidence in this case, and it is not sufficient to make out a prima facie case, and hence should not have been submitted to the jury.

■ The question of whether there is any evidence of guilt is not a question for the jury but one for the court; and no trial court can submit a criminal case to a jury when there is no proof of guilt without committing reversible error. It is against public policy to allow such convictions to stand, and for this reason the law does not allow an accused person to be convicted of a felony, or other crime, except in the form and manner prescribed by law.

The court, therefore, erred to a reversal in overruling appellant's motion to exclude the evidence and discharge the appellant. There was also error in refusing to appellant the general affirmative charge requested in writing.

Other insistences of error are presented but need not be considered, they not being necessary to the conclusion here decided upon.

Reversed and remanded.