293 So.2d 309

**Charles David MOORE**

v.

**STATE.**

**8 Div. 484.**

Court of Criminal Appeals of Alabama.

April 9, 1974.

W. A. Barnett, Florence, for appellant.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State.

**W. J. HARALSON, Supernumerary Circuit Judge.**

Appellant was charged with grand larceny, tried and convicted of violating the terms of Title 14, Section 339, a misdemeanor. A fine of $100.00 was assessed and the court added six months at hard labor as extra punishment.

The State presented the testimony of one witness, only, and rested.

Defendant moved to exclude the evidence on the grounds: first, that the State had not produced evidence to prove the charge against the defendant beyond a reasonable doubt and to a moral certainty; and second, that the evidence was insufficient to support a conviction. The motion was overruled by the court and the defendant immediately rested without offering any testimony.

Motion for a new trial, filed by the appellant after judgment, was also overruled by the court.

A review of the record shows the only question before this court is whether the court erred in overruling the motions above referred to.

The lone witness for the State testified that on 29th day of January, 1973, at about nine o'clock, p. m., he was driving his Volkswagen car along a highway in Lauderdale County, when he noticed a truck ahead being driven without tail lights. The truck belonged to the business where he was employed and he signaled the driver to stop, which was done, and he directed the driver to proceed to a truck stop and have the lights replaced.

As the witness was leaving, the appellant, who had been with the driver of the truck, asked and was given permission to ride to Florence with this witness in the Volkswagen. On the way the witness stopped at a service station, on Waterloo Road in Lauderdale County, and bought some gasoline for his car. He went into the station to pay for it and left appellant in the car. He was there for a very short time and when he came out his car, along with appellant, was gone. He did not see the car leave or appellant driving.

The matter was immediately reported to the police and the Lauderdale County

Sheriff's Department. An investigator for that Department found the car the next morning in a ditch in Greenhill and notified the witness. The car had been shot with a shotgun in both front doors and in some of the windows.

The witness did not know the appellant, Moore, and did not give him permission to drive the automobile. He did not see appellant when he went to get his car from the ditch.

It is a legal truism that the State assumes the burden of establishing the corpus delicti by the proper measure of proof.

"The corpus delicti in larceny is constituted of two elements: (1) that the property was lost by the owner; and (2) that it was lost by a felonious taking." Pate v. State, 36 Ala.App. 688, 63 So.2d 223.

■ The guilt of a defendant may be established by circumstantial evidence as well as by direct and positive proof. Hudson v. State, 48 Ala.App. 703, 267 So.2d 494. (See cases cited under ☞552(1) in Alabama Digest, Volume 6.)

■ But to authorize the submission of a criminal case to the jury there must be substantial evidence tending to prove all elements of the charge. Hudson v. State, supra. And a mere scintilla in view of the presumption of innocence is not enough. Ex Parte Grimmett, 228 Ala. 1, 152 So. 263.

Nor will circumstances which merely arouse suspicion of the guilt of defendant serve as a basis for conviction. DeSilvey v. State, 245 Ala. 163, 16 So.2d 183.

■ Where the evidence affords a fair inference of the guilt of defendant the question of its sufficiency is for the jury to determine and whether the corpus delicti has been proven, and the guilty agency of the defendant, is within the province of the jury rather than the court. Melson v. State, 38 Ala.App. 514, 88 So.2d 851; Haggler v. State, 49 Ala.App. 259, 270 So. 2d 690.

■ And where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Haggler v. State, supra.

■ The fact that the appellant was convicted of a lesser offense than that charged and submitted to the jury in nowise alters the situation with regard to the law applicable to the submission of this case to the jury.

We have considered the authorities cited in appellant's brief but distinguish the facts in the cases cited from those presented here and find those cases relied upon not apt in the instant case.

■ Upon consideration of the evidence as governed by the authorities, heretofore set out, we think the action of the court in overruling the appellant's motion to exclude the evidence and the motion for a new trial was free from error, and that the verdict of the jury should not be disturbed.

Finding no error in the record, the case is affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.