# Thomas V. The State.

*Indictment For Larceny.*

1. *Larceny; recent possession of stolen goods.*—On a trial for larceny, where there was evidence tending to show that the defendant's possession of the property alleged to have been stolen was with the consent of the owner, it was error to charge the jury that it is their duty to convict a defendant who is found in the possession of goods recently stolen, unless he can explain his possession to their reasonable satisfaction, without predicating such instruction upon the fact that the

jury must be satisfied beyond a reasonable doubt that the offense has been committed.

APPEAL From the City Court of Montgomery. Tried before the Hon. THOMAS M. ARRINGTON.

JOHN W. A. SANFORD, JR., for the appellant.

W. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted, tried and convicted of the larceny of a pocket book and contents from the person of Ben Jones. The pocket book and money of Jones was found on the person of the defendant, the night of the alleged larceny, or early next mornnig. There was some evidence tending to show the commission of the offense, independent of the finding of the property upon the person of the defendant. There was evidence tending to show that no offense had been committed, and that Jones, while drinking earlier in the night, dropped the pocket book, which was picked up by defendant, and by him offered to Jones, and that Jones requested him to keep it for the present. This is the explanation given by the defendant, and in which he was corroborated by other testimony, of his possession of the property. The recent possession of the property by the defendant, and its ownership, was not controverted. The real controverted question in the prosecution was whether in fact a larceny had been committed. At the request of the solicitor, the court charged the jury as follows : (1) "The law presumes from the unexplained recent possession of stolen goods that the possessor is the thief." (2) "The unexplained possession of stolen goods recently after the commission of the offense is, *prima facie*, guilty possession, and that the possessor is the thief, unless he explain the possession to the reasonable satisfaction of the jury."

The principle of law asserted in these charges has been. held to be correct in some of the decisions of this court and other courts, and by some text writers. It must be observed, however, that none of them, so far as we are aware, hold that the unexplained possession by one person of goods belonging to another raises the presumption that a larceny or burglary has been committed, and that the possessor is a thief. Additional evidence is necessary

[Thomas v. The State.]

to establish the *corpus delicti*.   Unless the jury are satisfied, beyond a reasonable doubt, that the offense has been committed, the unexplained recent possession of goods will not justify the conclusion that the person in whose possession they are found is a thief or burglar.   In the case at bar there was evidence which, if believed, showed that no offense had been committed. Giving these charges, without predicating them upon the fact that the jury must be satisfied beyond a reasonable doubt that the offense had been committed, was calculated to mislead the jury.   Taken in connection with the evidence, they were calculated to impress the jury with the conviction that the court believed the offense had been made out, and that it only remained for the jury to determine whether the explanation of the possession of the property was satisfactory.

In the case of *Orr v. The State*, in Mss., we discussed the question as to the presumption arising from the unexplained recent possession of stolen goods, and declared as follows :   "In some courts it is held that the unexplained possession of property recently stolen as matter of law raises a presumption of guilt ; but our opinion is the best considered cases, and it is the safest rule, leave it with the jury to say whether the unexplained possession of goods recently stolen satisfies them, beyond a reasonable doubt, of the guilt of the defendant," citing the case of *Underwood v. The State*, 72 Ala. 220.   We adhere to this conclusion, and hold that it is error to instruct the jury, as matter of law, that it is their duty to convict a defendant who is found in the possession of goods recently stolen, unless he can explain his possession to their reasonable satisfaction.   The weight to be given to such evidence should be left to the jury, to be considered in connection with the other evidence in the case ; and, unless the jury is satisfied from all the evidence beyond a reasonable doubt of the defendant's guilt, the jury should acquit.

Reversed and remanded.