# Jeffries *v.* The State.

## *Larceny.*

(Decided April 8, 1913.  62 South. 207.)

*Larceny; Evidence; Corpus Delicti.*—Where the evidence merely tended to prove defendant's possession and sale of the cow which had disappeared from a pasture from which cattle sometimes' escaped, it will not support a conviction of larceny, as it is merely a matter of surmise whether the defendant took the animal feloniously or not, and hence, does not show the corpus delicti.

APPEAL from Hale County Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Charley Jeffries was convicted of the larceny of a cow and he appeals.  Reversed and remanded.

EVINS & JACK, for appellant.  The evidence does not sufficiently show the corpus delicti, and hence, the charge requested by defendant should have been given. —8 Enc. of Evid. 99; *Sanders v. The State,* 167 Ala. 85.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  Under the evidence it was a question for the jury to say whether the defendant's possession was felonious or not, and the court properly submitted that question to the jury.

WALKER, P. J.—The only support for the charge of larceny made against the defendant was evidence tending to prove his possession and sale of a cow which had disappeared from a pasture from which cattle sometimes escaped through broken places in the fence which inclosed it or at a point where a branch ran under the fence.  There was an entire absence of evidence having

[West v. The State.]

any tendency to prove how the cow got out of the possession of its owner or came into the possession of the defendant. It would be pure surmise to say that he feloniously took and carried it away, rather than that he innocently took charge of it when it strayed on premises of which he had possession or control. To say that the defendant's acquisition of possession amounted to a trespass or was accompanied by a felonious intent would be a guess, not a finding on evidence, capable of shedding any light on the inquiry. Following previous rulings in this state on similar conditions of evidence, it must be held that the general affirmative charge requested by the defendant should have been given because of the lack of any evidence having a tendency to prove the corpus delicti.—*Sanders v. State,* 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; *Thomas v. State,* 109 Ala. 25, 19 South. 403; *Orr v. State,* 107 Ala. 35, 18 South. 142; *Griggs v. State,* 58 Ala. 425, 29 Am. Rep. 762.

Reversed and remanded.