# James v. The State.

### Receiving Stolen Goods.

(Decided February 10, 1917.   74 South. 395.)

1. **Receiving Stolen Goods; Evidence.**—In order to sustain a prosecution for receiving stolen goods, state must show beyond a reasonable doubt that the property in question had been feloniously taken and carried away, and that defendant did buy, receive, conceal or aid in concealing the identical property, knowing that it had been stolen.

2. **Same.**—The evidence examined and held insufficient to sustain a conviction for receiving stolen goods.

3. **Same.**—Where there was no evidence of the corpus delicti in a prosecution for receiving stolen goods, defendant should have been given the affirmative charge as requested.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Will James was convicted of receiving stolen property and he appeals. Reversed and rendered.

[James v. The State.]

WM. R. BRASSELL, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BRICKEN, J.—The indictment in this case contained two counts; one for grand larceny, and the other for buying, receiving, concealing, or aiding in the concealing, of stolen property, the property alleged in each count of the indictment being a cow belonging to one Bill McKee. On the trial of the case, the defendant, Will James, was convicted by the verdict of the jury as follows: "We, the jury, find the defendant not guilty on the first count." "We, the jury, find the defendant guilty of receiving stolen property as charged in the second count."

(1, 2) The propositions of law involved in this case are too well settled to require discussion here. Before the judgment of conviction could be properly had, the evidence must have shown: First, that the cow in question had been feloniously taken and carried away, and the evidence must have shown. this fact beyond a reasonable doubt; second, that the defendant did buy, receive, conceal, or aid in concealing, this identical cow, knowing that it had been stolen, etc. These facts must also have been shown by the evidence beyond a reasonable doubt. We are constrained to say that after a careful study of the entire record, we are unable to find any evidence to sustain either of the propositions. First, there is no evidence on the part of any witness that the cow of Bill McKee had been stolen; and, second, no evidence of any nature to show that the defendant had received any cow from any one, or that he concealed, or aided in concealing, the cow in question, knowing that it was stolen.—*Jeffries v. State*, 7 Ala. App. 144, 62 South. 270.

There was no evidence proving or tending to prove the corpus delicti, and the court was in error in refusing the affirmative charge for the defendant as requested in writing. For this error the judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.