(87 South. 433)

JORDAN v. STATE.   (4 Div. 635.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.)

1. RECEIVING STOLEN GOODS ⬤⟹1—ELEMENTS OF OFFENSE STATED.

To sustain a charge of buying, receiving, or concealing stolen property knowing it to be stolen, without intent to restore it to the owner, the evidence must show that the goods had been feloniously taken and carried away, that defendant bought, received, concealed, or aided in concealing the goods knowing at the time that they were stolen, and that he so bought, received, concealed, or aided in concealing the goods knowing that they were stolen, and not having the intent to restore them to the owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Receiving Stolen Goods.]

2. RECEIVING STOLEN GOODS ⬤⟹8(1)—BURDEN ON DEFENDANT TO EXPLAIN RECENT POSSESSION OF STOLEN GOODS.

In a prosecution for receiving stolen goods found in defendant's recent possession, the burden is upon him to explain his possession, and if he fails to make a reasonable explanation a presumption of guilt arises sufficient to support a conviction.

3. RECEIVING STOLEN GOODS ⬤⟹9(1) — ELEMENTS OF OFFENSE HELD UNDER EVIDENCE FOR JURY.

In a prosecution for receiving stolen goods, evidence held to make the question whether the goods had been stolen, whether defendant had bought, received, concealed, or aided in concealing them knowing them to be stolen, and whether he intended to return them to the owner, questions for the jury.

4. RECEIVING STOLEN GOODS ⬤⟹8(4) — DEFENDANT'S KNOWLEDGE THAT GOODS WERE STOLEN MAY BE PROVED BY CIRCUMSTANTIAL EVIDENCE.

In a prosecution for receiving stolen goods, knowledge by defendant of the theft of the goods may be inferred from facts and circumstances.

5. CRIMINAL LAW ⬤⟹805(3)—STATEMENT BY COURT AFTER READING WRITTEN CHARGES HELD NOT ERRONEOUS.

In a prosecution for receiving stolen goods a statement by the court after reading written charges that the charges were given for defendant and were correct statements of the law and did not change what had been orally stated *held* not error, although not in strict compliance with Acts 1915, p. 815, requiring the judge, after reading written charges, to say to the jury that the instructions are given at defendant's request and are correct statements of the law to be taken in connection with what had already been said to them.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Robert Jordan was convicted of receiving stolen goods, and he appeals. Affirmed.

After reading the written charges to the jury, the court said:

"Those charges are given for the defendant and are correct statements of the law; they are in keeping with what I have said to you orally. Those charges do not vary what I have said to you; they are the law, but are not in conflict with anything I have said to you."

McDowell & McDowell, of Eufaula, for appellant.

The defendant was entitled to the affirmative charge. 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; 7 Ala. App. 144, 62 South. 270, and cases there cited. The court was in error in its oral charge. Authorities supra; .133 Ala. 150, 31 South. 806, 91 Am. St. Rep. 21; 167 Ala. 79, 52 South. 730. The court violated the statutory inhibition in its comments upon the written charges.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The exception to the oral charge of the court can avail nothing, because of the way it was taken. 187 Ala. 562, 65 South. 939. In any event, the charge was correct, when considered with the other portion. 16 Ala. App. 190, 76 South. 474; 104 Ala. 71, 16 South. 82. The cases cited by appellant support the contentions here made; but see, also, 107 Ala. 35, 18 South. 142; 109 Ala. 25, 19 South. 403.

BRICKEN, P. J. The indictment contained two counts. The first count charged that the defendant did buy, receive, conceal, or aid in concealing certain articles of clothing, etc., knowing that they were stolen and not having the intent to restore it to the owner. The second count charged the larceny of these goods. The jury returned a verdict of

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

guilty as charged in the first count, and sentence of the defendant was duly entered.

On this appeal it is insisted that the court committed error in refusing the general charge requested by defendant and also in certain portions of its oral charge to the jury.

The evidence is without conflict that the articles named in the indictment were stolen from the store of Roth, in the city of Eufaula, and in about three weeks thereafter were found in the possession of the defendant, in his unlocked trunk in his home about four miles from Eufaula. '

[1] In order to sustain a charge of buying, receiving, concealing, or aiding in the concealment of stolen property, knowing that it was stolen, and not having the intent to restore the same to the owner, etc., it is necessary to show by the evidence, beyond a reasonable doubt and to a moral certainty: (1) That the goods in question had been feloniously taken and carried away, as charged in the indictment, by some one; (2) that the defendant bought, received, concealed, or aided in concealing these goods, knowing at the time that they were stolen; and (3) that he so bought, received, concealed, or aided in concealing these goods knowing that they were stolen, and not having the intent to restore same to the owner. James v. State, 15 Ala. App. 569, 74 South. 395; Jeffries v. State, 7 Ala. App. 144, 62 South. 270; Thomas v. State, 109 Ala. 25, 19 South. 403; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; Aline Clisby v. State, ante, p. 475, 86 South. 140.

[2, 3] The defendant insists that the cases of Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536, and Jeffries v. State, 7 Ala. App. 144, 62 South. 270, and cases cited, are directly in point here, and that this case must necessarily be governed by those cases. In this insistence we are unable to agree with appellant's counsel; for the cases cited must necessarily be differentiated from the case at bar in that here there is no question that the goods in question were stolen, while in the two cases cited supra it was held that no such testimony was adduced, and therefore the corpus delicti had not been proven. In the instant case it was undisputed that the ·defendant was found in the recent possession of stolen goods. This being true, the settled rule of law in this state imposed upon the defendant the onus of explaining his possession, and, if he failed to make a reasonable explanation, a presumption of guilt arises which will support a· verdict of conviction. Necessarily these questions were for the determination of the jury. Martin v. State, 104 Ala. 71, 16 South. 82; Sherrer v. State, 16 Ala. App. 190, 76 South. 474. And it is sufficient if the jury are satisfied beyond a reasonable doubt, after a consideration of all the evidence, that the goods were stolen, and that

the defendant purchased them or received or concealed them knowing they were stolen and did not have the intent to return them to the owner. In the case of Collins v. State, 33 Ala. 434, 73 Am. Dec. 426, on the question of guilty knowledge, the court through Stone, J., approved as being a correct proposition of the law the following:

"If you find the goods had been stolen, then on the question of [guilty] knowledge, I charge you that, if you find the defendant received and concealed the· goods, and received them under such circumstances that any reasonable man of ordinary observation would ·have known that they were stolen, and if you find that the defendant knew of those circumstances, then you are authorized to find that the defendant knew that they had been stolen."

[4] In cases of this character it would be a difficult matter to make direct proof of the knowledge by defendant of the theft of the goods in question; in fact, it could rarely be the subject of direct proof. Therefore, like most other facts, .it may be inferred from other sufficient facts and circumstances. In criminal trials the jury are charged with the ascertainment of 'the facts, and in doing so are permitted to draw all reasonable and satisfactory inferences.

In Martin v. State, 104 Ala. 71, 16 South. 82, Brickell, C. J., for the court said:

"If there was evidence tending to connect the defendant with the larceny, the recent, unexplained possession of the goods, it may be, would raise the presumption that he had stolen them, rather than that he had received them knowing them .to have been stolen. But where the evidence, though proving the larceny, does not connect him with its commission, tending to fix the guilt of it upon another, and he has the recent possession of the goods, if he makes no reasonable explanation of the possession, the same presumption should be applied which would be applied if the possession had remained with the first taker. There is no unfairness in the presumption; it is reasonable. The receiver can as readily explain how and from whom he acquired possession as could the first taker; the explanation which would be reasonable, removing the presumption in the one case, would have the same effect in the other."

Pretermitting the insistence of the Attorney General that the exception undertaken to be reserved to the oral charge of the court was abortive for that it was descriptive only, and not the reservation of an exception to a particular exactly designated statement of the judge, we are of the opinion that the charge of the court was not subject to the criticisms and objections insisted upon. The charge, when taken as a whole, stated the law in line with the views expressed herein.

[5] The statement of the court as to the effect of the given special charges, while not a strict compliance with the statute (Acts 1915, p. 815), did not constitute error necessitating the reversal of this case. The statute supra requires that the court shall after

the conclusion of his charge to the jury read such written charges as he has given for the parties in a clear and audible voice, saying to the jury:

"These are instructions given you by the court at the request of the defendant, and are correct statements of the law, to be taken by you in connection with what has already been said to you."

The better practice would have been for the court to have used the identical language which the statute provides.

We are of the opinion, under the evidence in this case, a jury question was presented, and that the case was properly submitted to the jury for its consideration. Therefore there was no error in refusing the general affirmative charge requested by defendant.

No other questions appear for our consideration, and it follows that the judgment of the circuit court must be affirmed.

Affirmed.