192 So. 594

## NELSON v. STATE.

### 4 Div. 516.

Court of Appeals of Alabama.
Dec. 19, 1939.

P. B. Traweek, of Elba, for appellant.

Thos. S. Lawson, Asst. Atty. Gen., and Prime F. Osborn. Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The corpus delicti was proven by the testimony of the State's witness. However, at the time the State rested its case, no testimony tending to connect this appellant with the commission of the offense or participation therein, was adduced except by State's witness Charlie Boswell, who, among other things, testified that this appellant and one Ted Nelson came to his (Boswell's) house, on the next Monday night after the crime was committed on the Saturday night before; that they arrived there between two or three o'clock in the night; and on direct examination of this witness, he was permitted to testify in detail as to an alleged conversation he had with this appellant Edlo Nelson and Ted Nelson then and there. As stated, this alleged conversation was incriminating in its nature. The defendant testified in his own behalf, but upon being asked what was said and done on the night at Boswell's home the State objected, and the court sustained this and several other of the State's objections to questions propounded to defendant in an effort to give his version of the facts and conversation. incident to what took place at Boswell's house. These several rulings were error. In our case of Craven v. State, 22 Ala. App. 39, 111 So. 767, 768, this court said: "Party may go into matter gone into by other party and explain anything to his detriment." The rule is, when part of a conversation or transaction is put in evidence, the other party may call for the whole conversation or transaction. Wall v. State, 2 Ala.App. 157, 56 So. 57; Montgomery v. State, 2 Ala.App. 25, 56 So. 92. Where one party has testified as to a conversation, the other party has a right to bring out all that was said or give his version of the same conversation. Gary v. State, 18 Ala.App. 367, 92 So. 533; Hall v. State, 19 Ala.App. 229, 96 So. 644; Shumate v. State, 19 Ala.App. 340, 97 So. 772; Ex parte Shumate, 210 Ala. 252, 97 So. 777. When part of a conversation or part of a transaction is put in evidence, the opposing party may rightfully call for the whole conversation or transaction. Gibson v. State, 91 Ala. 64, 9 So. 171; McAdory v. State, 62 Ala. 154; Ray v. State, 147 Ala. 5, 41 So. 519; Matthews v. State, 16 Ala. App. 647, 81 So. 139.

On cross-examination by the State of defendant's witness Horace Morris, the State brought out the following testimony: "My mother and I had gone over to Edlo's house. We are not related,—just lived there close, near neighbors. We lived there on the same place—Dr. Braswell's place. It was Saturday night that we went up there, the Saturday night they claim the stuff was missing. I heard about it Sunday afterward, some time over in the evening. Edlo was telling me about it. No one was present." On redirect examination of this witness the defendant asked him: "Just what did you hear Edlo say about it?" The court sustained the State's objection to said question, and the defendant duly and legally reserved an exception to this ruling. The exception was well taken and is sustained. The State by its

examination of said witness injected into the case the matter inquired about, and the defendant had the legal right under authorities supra, to inquire as to what the defendant had said on the occasion. Authorities supra.

As there was no evidence in this case showing or tending to show that this appellant actually committed the burglary complained of, or in any manner participated therein, the State necessarily had to rely for a conviction upon the rule of evidence to the effect that the possession of goods, recently after a larceny or burglary, which were stolen in the commission of the offense, imposes on the possessor of such stolen goods the onus of explaining his possession. However, it is elementary that before the above rule can be invoked it is incumbent upon the State to first offer evidence to support the essential element, to the effect that the goods found in defendant's possession were the identical goods stolen at the time of the commission of the burglary. And in the instant case no such proof was adduced. The alleged injured party, Arcadia Johnson, in describing the stolen meat, testified: "There were four sides and two hams of the meat." The only other witness who attempted to describe the meat, Mrs. Deal Smith, stated "there were three hams and four middlings gone out of the smokehouse." As stated, the testimony of these two witnesses, coupled with that of witness O. W. Pope, was sufficient to establish the corpus delicti. But no testimony was adduced, or attempted, so far as the record discloses, which showed or tended to show that the meat admittedly taken by the two parties and left with witness Charlie Boswell was the identical meat stolen from Mr. Pope's smokehouse, or even that it consisted of "side meat, middlings and hams." Charlie Boswell testified: "They had some meat in a sack,—an osnaburg cotton-sack. I never looked in the sack, and do not know what kind of meat it was." Non constat, the meat in the sack may have been of an entirely different kind of meat. An assumption that it was the stolen meat complained of, may not be indulged; nor could suspicion, conjecture, or surmise, be substituted for the legal evidence necessary to establish the fact.

Numerous other questions are presented, but from what has been said need not be discussed. Several grounds of the motion for a new trial present the question. The action of the court in overruling the motion for a new trial is properly presented for review. This ruling upon the part of the court, together with other rulings hereinabove discussed was error necessitating the reversal of the judgment of conviction from which this appeal was taken. It is so ordered.

Reversed and remanded.