176 So.2d 49

**Ubie DAW**

v.

**STATE.**

3 Div. 184.

Court of Appeals of Alabama.

June 1, 1965.

J. R. Tucker, Atmore, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Ubie Daw, was indicted by the Grand Jury of Escambia County, Alabama, for the offense of burglary in the second degree. Trial was had upon a plea of not guilty and the jury returned a verdict of guilty as charged in the indictment. The trial court adjudged him guilty and sentenced him to two years in the State penitentiary. His motion for a new trial was overruled and, hence, this appeal.

The State's evidence tended to show that one Corrie Hall owned a store located on Highway 31 in Canoe, Alabama; that on January 27, 1964, Hall had about 500 pounds of pecans stored in sacks in a back room of his store; and that during the night of January 27, 1964, or early the next morning, the store was broken into and all of the pecans were taken therefrom.

Hall, the first witness called by the State, testified that the pecans were packed in five 100 pound sacks; that four of the sacks contained about 400 pounds of pecans of the "Success" variety and one sack, a "regular corn sack," contained about 100 pounds of "extra large seedling" pecans. Hall fur-

ther testified that appellant, who was known to him, came into his store on the afternoon before the burglary when Hall was sacking some pecans; that appellant bought nothing on this occasion; and that although appellant had been in the store on prior occasions, he had not been in the store in "some time." Hall did not see appellant take the pecans.

On cross-examination Hall indicated that he was not the only person in the community who was able to raise seedling pecans like those he had in his store. On redirect examination he stated that seedling pecans "vary a great deal from seedling to seedling," and that they are not uniform in standard as are the certified varieties such as "Stuart," "Mahan," or "Success" pecans.

Talton O'Farrell, the second witness for the State, testified that the appellant, who was known to him, came to his place of business in Atmore, Alabama, "about the last week in January, 1964," and sold him 99 pounds of "large seedling pecans." O'Farrell could not remember what kind of sack the pecans were in. He stated that at the time he bought these pecans from appellant he was buying about 25 to 28 hundred pounds of pecans a day and that the seedlings purchased from appellant were like many others which he bought during the course of a year. He further stated that he had never bought that many pecans from appellant at one time, although he had on two or three occasions bought "some 10 or 15 pounds" from appellant.

The third and last witness for the State was Alton Keller, a deputy sheriff of Escambia County, who testified in substance that he conducted an investigation of the burglary of Hall's store; that during the course of this investigation he had a conversation with appellant concerning the pecans which appellant sold to O'Farrell; and that appellant voluntarily told him that he got these pecans from his mother-in-law, Mrs. Evans. Keller stated that he went to Mrs. Evans' house but found no pecans there; that afterwards he confronted ap-

pellant with this information and had another conversation with appellant, during which appellant said that he did not get the pecans at "that place," that he got them from trees behind his house. On cross-examination Keller stated that there were no pecan trees on the property on which appellant lived, but that there were some not far from the back of appellant's house.

At the conclusion of the State's case, appellant moved to exclude the State's evidence on the ground that the State had failed to prove a prima facie case. The motion was overruled and appellant duly excepted to the ruling.

Appellant testified in substance that he and one Douglas Webb were neighbors; that Webb's house was behind his house; that there were pecan trees behind Webb's house; that he picked up the pecans he sold to O'Farrell from behind Webb's house; and that "it was all right with Mr. Webb for me to do that." He stated that he did not remember telling Keller that he got the pecans from his mother-in-law; that he told Keller during their first conversation that he got the pecans from behind his house. Appellant admitted that the first time he told anyone that he got the pecans from behind Webb's house was during the trial.

■ As there was no evidence in this case showing or tending to show that appellant actually committed the burglary complained of, or in any manner participated therein, the State necessarily had to rely for a conviction upon the rule of evidence to the effect that the possession of goods, recently after a larceny or burglary, which were stolen in the commission of the offense, makes out a prima facie case and imposes on the possessor of such stolen goods the risk of failing to satisfactorily explain his possession. However, before such rule can be invoked it is incumbent upon the State to first offer evidence to support the essential element, to the effect that the goods in defendant's possession were the identical goods stolen at the time of the commission of the burglary. Nelson v. State, 29 Ala. App. 121, 192 So. 594.

In Smith v. State, 133 Ala. 145, 31 So. 806, the court held, in effect, that when the State establishes that goods found in the defendant's possession recently after a larceny or burglary are of the "same kind" as those which were stolen, this is sufficient evidence of the identity of the goods to go to the jury.

In the instant case the State failed to show that the pecans which appellant sold to O'Farrell shortly after the burglary were identical to, or the "same kind" as those stolen from Hall's store. O'Farrell described the pecans he purchased from appellant as "large seedlings." Hall described the pecans stolen from his store as "extra large seedlings." No other testimony was adduced or attempted, so far as the record shows, which showed or tended to show that the pecans which appellant sold to O'Farrell were identical to the pecans stolen. It was established by State's evidence that seedling pecans are not a uniform class or variety of pecans but that they "vary a great deal from seedling to seedling." Further, it was shown that Hall was not the only person in the community who could raise seedling pecans. Neither this court nor a jury can assume that seedling pecans are a distinct variety, uniform in size, color, weight, etc. Suspicion, conjecture, or surmise cannot be substituted for the legal evidence necessary to establish the fact that goods in the defendant's possession immediately after a burglary are identical to those stolen. Here, it does not appear that the seedling pecans in appellant's possession were even the same size as those allegedly stolen.

We conclude that inasmuch as there was no evidence showing or tending to show that appellant actually committed the burglary, or participated therein, and inasmuch as there was no evidence showing or tending to show that the goods in appellant's possession recently after the burglary were identical to those stolen, the State failed to make a prima facie case, and that, therefore, the appellant's motion to exclude the State's

evidence should have been sustained. For the error in overruling the motion to exclude, this cause is due to be and the same is hereby

Reversed and remanded.