258 So.2d 892

**DIXIE AUTO INSURANCE CO., a Corp.**

v.

**William C. LEE et al.**

**6 Div. 830.**

Supreme Court of Alabama.

Feb. 10, 1972.

Bill Fite, Hamilton, for appellees.

Baker, McDaniel, Hall & Parsons, Birmingham, for appellant.

PER CURIAM.

Appellant, respondent below, appeals from a final decree, in equity, that reforms a policy of automobile collision and fire insurance which appellant issued. The reformation was made by substituting the name of William C. Lee for the named insured, Jackie Rayburn, one of the appellees. The final decree awards judgment for damages against appellant in favor of appellees William C. Lee and State National Bank. The bank had a mortgagee's interest in the automobile described in the policy.

*On Appellees' Motion.*

Appellees, prior to submission of this cause, filed in this court their motion to strike the transcript of the record; and also to dismiss the appeal. The motion asserts the transcript was not filed here within sixty days after appellant perfected its appeal. Rule 37, infra.

The record shows that the appeal was perfected on September 14, 1970. The transcript, supra, was not filed until November 20, 1970.

The chancery court entered an order on November 13, 1970, as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the time for filing the transcript of *evidence* in the above styled cause be, and the same is hereby extended for 30 days in addition to the regular 60-day period authorized by law and by the rules of the Supreme Court of Alabama." (Emphasis Supplied)

It is to be noted that on October 14, 1970, the chancellor granted the court reporter an extension of thirty days from October 14, 1970, in which to file a transcript of the evidence. On October 22, 1970, the court reporter filed with the register a copy of a notice, dated October 22, 1970, to the solicitors of record that a transcript of the evidence had been filed with the register.

We conclude, therefore, that the aforequoted order of the trial court, dated November 13, 1970, referred to the transcript of the *record* and not of the *evidence*. There would have been no need for a second extension of time to transcribe evidence that had already been finished and the transcript filed.

We take cognizance of Alabama Public Service Com'n v. AAA Motor Lines, Inc., 272 Ala. 362, 131 So.2d 172, wherein we commented on the absence of any statute or court rule that requires the court reporter to file his transcript of the evidence in an equity case within any specified time. We observed: " . . . If any requirement as to time of filing is to be placed on the reporter, amendment of rule or statute

would appear to be necessary." (272 Ala. at 366, 131 So.2d at 174)

In the absence of such mandate, the chancellor's order of October 14, 1970, extending the time, was unnecessary and inefficacious. However, the order does shed some light on the intention of the chancellor with respect to his order of November 13, 1970, supra.

The extension of time by the chancellor for filing the transcript of the record in this cause was authorized by Revised Rule 37 of this court. It became effective June 1, 1955. See 263 Ala. XXI; Rules of the Supreme Court, Recompiled Code, 1958, Appendix; State for Use of Russell County v. Fourth National Bank of Columbus, Georgia, 270 Ala. 135, 117 So.2d 145.

It thus appearing that the transcript of the record in this cause was filed here within the time prescribed by Rule 37, supra, the motion to strike the transcript and to dismiss the appeal is overruled and denied.

### On the Merits.

The bill of complaint alleges, inter alia, that:

" . . . Through fraud, committed by the Defendant on the Complainants, or through a mutual mistake of the parties hereto, or through a mistake of one of such parties which the other at the time knew or suspected, the policy of insurance does not truly express the intention of the parties because it erroneously names Complainant Jackie Rayburn as insured instead of Complainant William C. Lee. . . . . "

The bill prays for a reformation of the policy by striking therefrom the words " 'Jackie Rayburn, Box 111, Hackleburg, Alabama,' " and by substituting in lieu thereof the words " 'William C. Lee, Route 2, Hackleburg, Alabama.' "

The bill also prays for a judgment in favor of William C. Lee against defendant in the sum of $2,000.00, and for general relief.

The respondent, in its answer, admits that it issued the policy naming Jackie Rayburn as the named insured and that it insured the GMC truck, the subject of this suit; but it denies, inter alia, the allegations of mistake and fraud as afore-quoted. It also denies that complainants or any of them are entitled to an order or decree reforming said policy of insurance in any manner, or that complainants or any of them are entitled to a judgment in any sum against respondent.

On final hearing, the chancellor decreed the prayed reformation of the policy and awarded judgment against appellant in the sum of $984.23 in favor of appellee Lee and in the sum of $65.77 in favor of appellee State National Bank.

Assignments of error here filed and argued challenge the correctness of the decree in reforming the policy and in awarding judgment in favor of the appellees afore-mentioned.

It appears from the evidence that appellee Rayburn owned or was possessed of a GMC truck which appellee Lee wanted to buy. Negotiations were begun between them that were designed to consummate the sale. These negotiations progressed to the point that $1,800.00 for the truck were agreed to. Appellee Lee paid appellee Rayburn $600.00 on the purchase price with final payment to be made later. It seems that, on or soon after the first payment, the parties caused the license plate or tag to be transferred at the probate office to appellee Lee. Lee borrowed approximately $1,200.00 from appellee State National Bank to make the final payment. The bank took a chattel mortgage from Lee on the truck.

Appellant attached a loss payable clause to the policy. The rider attached was payable to the named insured and to State National Bank as their interests may appear. Appellant's insurance broker, Lee Roy

Wiginton, of Haleyville, Alabama, mailed the policy to the bank where it remained until after the loss. Lee called for it and submitted the policy to his lawyer for legal advice as to appellant's liability.

Prior to this transaction which Lee had with the bank culminating in the loan and the mortgage to the bank to pay the balance due to Rayburn, Lee and Rayburn contacted the insurance broker about insurance coverage on the truck. Wiginton had no authority to issue a policy, but did fill out an application therefor which Rayburn signed. Wiginton sent the application to appellant's general agent in Jefferson County. The general agent in due time issued the policy in the name of Rayburn as the insured and sent it to Wiginton.

On the visit of Lee and Rayburn to see Wiginton about a policy, it appears a discussion ensued with respect to Lee's eligibility for the insurance. Lee made known to Wiginton that he did not have an Alabama motor vehicle driver's license. This visit, according to the evidence, took place on March 13, 1969. It was then that the application for the insurance here in question was submitted to Wiginton. Appellee Lee then paid Wiginton the insurance premium of $90.00; and later, at the request of Wiginton, paid $20.00 additional premium because the vehicle was being used for commercial purposes.

It appears also from the evidence that following the loss of the truck by fire and collision, Rayburn made out and delivered a bill of sale to the vehicle to Robert Young, an insurance adjuster for appellant. This instrument purported to transfer title to the vehicle to Lee. It was back-dated to March 17, 1969, which date Rayburn presumed the bank loan was made to Lee.

While in Wiginton's office negotiating for the insurance, the trend of the conversation between Lee, Wiginton, and Rayburn indicated that there was some confusion as to whom the truck belonged. Lee contended that he had a $600.00 interest in the vehicle. This was the amount representing a cash payment on the truck.

It was finally determined, as we view the evidence, that the named insured was to be Rayburn. The issued policy not only included the GMC truck as the insured property, but also a Pontiac automobile belonging to Rayburn, which was not a subject of sale between Lee and Rayburn. Lee did not pay the entire premium for insuring the Pontiac.

Pertinent to the issue as to who was to be the named insured, we quote from the testimony of Lee, on cross-examination, as follows:

"Q (By Mr. Parsons): But you knew for a fact that the policy of insurance was issued in Mr. Rayburn's name. Is that correct?

"A That's right. Mr. Wiginton said it would be all right, and we went along with him.

"MR. PARSONS: We remove to exclude that as unresponsive.

"THE COURT: It is excluded, except for his answer 'yes'.

"Q (By Mr. Parsons): You said you knew that the policy of insurance was issued to Jackie Rayburn, I will ask you if at any time after the policy of insurance was issued you made application to Dixie Auto Insurance or to Mr. Wiginton that the policy of insurance be placed in your name?

"A I stopped twice to do that and he wasn't in his office.

"Q So, you intended to do that but never did, for the reason that he wasn't in?

"A Yes, sir."

Other evidence, to some of which we here make specific reference, indicates without dispute that it was the intention of both Lee and Rayburn to sanction and approve issuance of the policy in the name of

Rayburn. Lee testified that Wiginton suggested that " . . . . I buy the insurance in Jackie's (Rayburn's) name." This suggestion, so the witness stated, was after he explained to him "that I didn't drive because I didn't have (an) Alabama Driver's License . . . ."

Appellee Rayburn testified that he had heard Lee's testimony about the visit to Wiginton's office and that it was substantially correct. Also, he testified that, at the time they were in Wiginton's office, he knew that the policy of insurance would be issued in his (Rayburn's) name; that when he went to Wiginton's office to talk about the insurance, he still owned the pick-up truck; and that it was three or four days after then that he got the rest of the purchase money for the truck.

■ We think the policy of insurance, in designating Rayburn as the insured, speaks the true agreement between the parties, that is, Wiginton, Lee, and Rayburn, and that it was their intention to insert in the application the name of Rayburn and not Lee as the insured. The designation of the named insured is clear and unambiguous. There was no mistake of fact or fraud that motivated insertion.

With respect to the correctness vel non of the final decree, we cite: Larkins v. Biddle, 21 Ala. 252[1, 2]; West End Sav. Bank v. Goodwin, 223 Ala. 185, 135 So. 161[3, 4]; Atlas Assur. Co. v. Byrne, 235 Ala. 281, 178 So. 451.

We think that appellees, upon whom the burden of proof devolved, Bankhead v. Jackson, 257 Ala. 131, 57 So.2d 609, failed to sustain by clear, unequivocal, and decisive proof, Springdale Gayfer's Store Co. v. D. H. Holmes Co., 281 Ala. 267, 201 So.2d 855, the afore-quoted allegations of their bill of complaint; but, to the contrary, it appears, as we have observed, supra, that it was the intention of appellees

Lee and Rayburn, along with the broker, Wiginton, to name appellee Rayburn as the insured. Perhaps competent legal advice at the time would have clarified the legal effect of such designation.

We pretermit considering the broker's authority at the time to bind appellant. We hold that there was no fraud or mistake of fact, apart from the legal aspect, that actuated Lee, Rayburn, and Wiginton in agreeing to insert the name of Rayburn as the insured.

■■ In arriving at our conclusion that the decree of the trial court should be reversed, we have accepted the view of the evidence most favorable to plaintiffs. We recognize the well-established rule that in cases tried before the court without a jury, the judgment must have the effect of a verdict of the jury, and will not be disturbed unless the preponderance of the evidence against it is so decided as to clearly convince the court that it is wrong and unjust. Here, however, we are of the opinion that the chancellor took an erroneous view of the law as applied to the undisputed facts, and the above stated rule is therefore without application. Fiquett v. Wade Electric Light & Power Co., 206 Ala. 630, 91 So. 357; State v. Selma Foundry & Machine Co., 276 Ala. 161, 160 So.2d 1[2].

Appellees having failed to prove the afore-quoted gravamen of their complaint, we reverse the final decree, the subject of this appeal, and remand the cause.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, HARWOOD, MADDOX and McCALL, JJ., concur.