275 So.2d 706

Harold BILLS, alias

v.

STATE.

3 Div. 190.

Court of Criminal Appeals of Alabama.

April 3, 1973.

C. Lanier Branch, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Wayne P. Turner, Special Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Montgomery County indicted appellant for the offense of buying, receiving, concealing, or aiding in concealing stolen property, under Title 14, Section 338, Code of Alabama 1940. The Jury's verdict found the appellant guilty as charged, and judgment set sentence at four years imprisonment. Appellant's motion for new trial was overruled; hence, this appeal.

Mr. Claude E. Boyd, the Manager of Classic Furnishings of Montgomery, testified that in late December or early January of 1972, one hundred fifty yards of Gold Mist carpet, which belonged to his company, was stolen from the Burke-Leigh Apartment Complex in Montgomery, Alabama. Mr. Boyd stated that in March of that year, he was called to the Police Station where he identified a sample of carpet shown to him as the same type carpet stolen from the Burke-Leigh Apartments.

Mr. Boyd testified on cross-examination that his company, along with its wholly owned subsidiary, Carpet Land, had an exclusive contract for this particular carpet in the Montgomery area, and that he had never seen this carpet in any other establishment in this area. The sample he was shown at the Police Station had no identifying marks on it, but due to a special backing, the color, texture, weight, and design, he was of the opinion that it was the same carpet that was stolen. He admitted, however, that this opinion was based on the assumption that Gold Mist carpet was not being distributed by any other firm in the Montgomery area.

Detective J. D. Foster, of the Montgomery Police Department, testified that he and Officer J. C. Cunningham had seized the carpet, pursuant to a search warrant, from an apartment at 1884 Goode Street in Montgomery. The apartment was occupied at the time by Charlie Bills, appellant's brother, but the apartment had been rented by appellant.

Detective J. C. Cunningham then testified that appellant had made a statement to him to the effect that appellant "knew this carpet was hot or at least sure thought so." [R. p. 45]

Defense Witness Billy Busby testified that he had been the roommate of the appellant. On cross-examination he stated that he had moved out of the apartment because he thought the carpet was stolen, and that he had told this fact to the appellant.

The appellant took the stand in his own behalf and admitted buying the carpet and placing it in the apartment. He testified, however, that Busby had never told him the reason that he was moving out. He further denied making any statement whatsoever to Detective Cunningham.

I

Appellant contends that error was committed at trial by allowing into evidence the various pieces of carpet without first identifying the carpet as the identical carpet alleged to have been stolen.

This issue was presented to the court in Smith v. State, 133 Ala. 145, 31 So. 806,

wherein our Supreme Court, through Justice Tyson, stated:

". . . On the other hand, if the evidence affords an inference of the larceny of the goods, then the question of its sufficiency is one for the jury, and it becomes their province to determine whether the corpus delicti has been proven. In such case, evidence of possession by the prisoner of goods of the same kind as those charged to have been stolen is competent, and the jury must determine upon the entire evidence, not only the question of the doing of the act, but whether committed by the defendant. Indeed the corpus delicti must often be proved by circumstances . . . ."

In Carter v. State, 35 AlaApp. 530, 50 So.2d 4, this Court held that evidence showing only that the goods were similar in kind, quantity, and character was sufficient to present a jury question.

The impracticability of requiring that recovered goods be positively identified as the identical goods stolen has been recognized by this Court which has held that the identity of articles stolen may be shown by circumstantial evidence. Tyra v. State, 17 Ala.App. 92, 82 So. 631.

Lack of positive identification affects only the weight of the evidence rather than its admissibility. Smith v. State, 282 Ala. 268, 210 So.2d 826, and cases therein cited.

We are of the opinion that the testimony presented was sufficient to warrant the submission of the question to the jury as to whether or not it was the same carpet which was stolen. Smith v. State, supra; Carter v. State, supra; Ashman v. State, 9 Ala.App. 29, 63 So. 754; and Allen v. State, 8 Ala.App. 228, 62 So. 971.

## II

Appellant next contends that the trial court erred in denying his motion to exclude the evidence and motion for a "directed verdict" on the ground that the State had failed to prove that appellant had knowledge that the goods were stolen at the time he allegedly bought them. In Jordan v. State, 17 Ala.App. 575, 87 So. 433, cert. den. 205 Ala. 114, 87 So. 434, we find the following:

"In order to sustain a charge of buying, receiving, concealing, or aiding in the concealment of stolen property, knowing that it was stolen, and not having the intent to restore the same to the owner, etc., it is necessary to show by the evidence, beyond a reasonable doubt and to a moral certainty: (1) That the goods in question had been feloniously taken and carried away, as charged in the indictment, by some one; (2) that the defendant bought, received, concealed, or aided in concealing these goods, knowing at the time that they were stolen; and (3) that he so bought, received, concealed, or aided in concealing these goods knowing that they were stolen, and not having the intent to restore same to the owner. James v. State, 15 Ala.App. 569, 74 So. 395; Jeffries v. State, 7 Ala.App. 144, 62 So. 270; Thomas v. State, 109 Ala. 25, 19 So. 403; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.(N.S.) 536; Aline Clisby v. State, ante [17 Ala.App.] p. 475, 86 So. 140."

We are of the opinion that the evidence here was sufficient for the trial judge to submit this matter to the jury for its determination, and, therefore, the appellant's motions were properly overruled. Johnson v. State, 41 Ala.App. 351, 132 So.2d 485; Paul v. State, 48 Ala.App. 396, 265 So.2d 180, cert. den. 288 Ala. 185, 265 So.2d 185; Holt v. State, 7th Div. 196, 49 Ala.App. 582, 274 So.2d 356, cert. den. March 8, 1973, 290 Ala. ——, 274 So.2d 360, and cases therein cited.

## III

We have carefully examined the voir dire examination of J. C. Cunningham [R.

pp. 42–45], wherein both the "pre-Miranda and Miranda predicate" were inquired into outside the presence of the trial jury, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and determined that the appellant was here properly advised of his constitutional rights.

■ We are of the opinion that the trial judge's conclusion that the accused's statement was voluntary was adequately supported by the facts, Shewey v. State, 48 Ala.App. 730, 267 So.2d 520, and that the trial judge properly admitted the appellant's alleged statement into evidence in this cause. Duncan v. State, 278 Ala. 145, 176 So.2d 840.

### IV

■ At the conclusion of the trial court's oral charge, the appellant announced "satisfied." The trial court then gave five written requested charges, and refused four written requested charges. We believe these four charges were properly refused as such were not properly predicated on the evidence in this cause, or were incorrect statements of applicable law, or were fully and substantially covered by the trial court's oral charge, or other written charges given at the request of the appellant. Title 7, Section 273, Code of Alabama 1940.

We have carefully examined this record, as we are required by Title 15, Section 389, Code of Alabama 1940, and finding no error therein, the judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.

CATES, P. J., adds special concurrence.

CATES, Presiding Judge (specially concurring).

I concur. However, I consider that it is necessary to point out that in the case at

bar the testimony of State's witness Boyd was critical to allowing the case to go to the jury. I believe he took this out of the fungible goods perplexity of identification.

In Nelson v. State, 29 Ala.App. 121, 192 So. 594, it was held that to rely on possession of recently stolen goods the State must prove them to be the *identical* goods which were taken.

In Daw v. State, 42 Ala.App. 642, 176 So.2d 49, we find:

> "In the instant case the State failed to show that the pecans which appellant sold to O'Farrell shortly after the burglary were identical to, or the 'same kind' as those stolen from Hall's store. O'Farrell described the pecans he purchased from appellant as 'large seedlings.' Hall described the pecans stolen from his store as 'extra large seedlings.' No other testimony was adduced or attempted, so far as the record shows, which showed or tended to show that the pecans which appellant sold to O'Farrell were identical to the pecans stolen. * * *"