TYSON, Judge.
The Grand Jury charged the appellant with unlawfully buying, receiving, concealing, or aiding in concealing four tires and four mag wheels, the personal property of Leonard McCray. The jury found the appellant “guilty as charged,” and fixed the value of the stolen property at $200.00. The trial court then set sentence at five years imprisonment.
Leonard McCray testified that on February 25, 1974, his 1964 Chevrolet Impala was stolen from the Sears and Roebuck parking lot in downtown Birmingham in Jefferson County, Alabama. He stated that subsequently on March 18, 1974, while looking for another car, Ije found the tires and mag wheels from his old car on a 1957 Chevrolet at Lawley Motor Company on 3rd Avenue. McCray said that the tires and wheels were worth $200.00.
James Swindle, a car salesman for Jerry Lawley Motor Company, testified that Larry Hodges traded in the 1957 Chevrolet with the tires and wheels in question on it for a 1968 Chevrolet Camero.
Edgar Hodges testified that he lived at Route 2, Box 828, Gardendale, and that he had known the appellant, Bobby Hunt, ever since he, Hunt, had been living in the community, which had been “quite a while.” He stated that on March 19, 1974, he went to the City jail to pick up his son Larry who had been arrested that afternoon. Mr. Hodges testified that after leaving the jail, he and Larry went by home and then proceeded to the appellant, Bobby Hunt’s house about one-half mile away, where he told the appellant that Larry had been arrested because of the tires and wheels the appellant sold him; that the police said they were stolen. Hodges testified that at this point the appellant offered to repay the money and write out a bill of sale, explaining that he had taken the tires and wheels in on a trade, not realizing they were stolen, but that the bill of sale would clear Larry.
On cross-examination Edgar Hodges testified that he did not actually see the appellant hand over the bill of sale to Larry, but that when he and his son returned home, he noticed that Larry had a slip of paper. Hodges stated that he did not read the slip of paper himself but that his wife read it aloud and it contained a description of four wheels and tires, a price of $50.00, and a signature that read Henry Matthews.
Detective Carl T. Wideman of the Birmingham Police Department testified that Leonard McCray’s 1964 Impala was found March 3, 1974, on Flat Top Road in the western part of Jefferson County, stripped of tires and wheel assemblies, battery, and carburetor. Wideman testified that he accompanied Leonard McCray to Jerry Law-ley Motors on 3rd Avenue West on March 19, 1974, at which time McCray pointed out a.. 1957 Chevrolet and identified the tires and wheels on it as the ones that had been removed from his car. Detective Wideman stated while at Lawley Motor Company on March 19, he arrested Larry Hodges who happened to drive by.
On cross-examination, Detective Wide-man testified that Larry Hodges made no statement on the day of his arrest, but that the following morning, March 20, he and *836 his mother returned to police headquarters with a bill of sale signed Henry Matthews and stated that Larry had bought the tires and wheels from a black man, Henry Matthews, who lived in Fairfield. Wideman stated that a week or two later Larry Hodges returned to police headquarters again, this time accompanied by his father, that it was on this occasion that he, Wide-man, was told that it was Bobby Hunt who sold Larry Hodges the tires and wheels and who made out the bill of sale, signing it Henry Matthews.
Mary Ruth Hodges testified that she was married to Edgar Hodges; that Larry Hodges was their son. She stated that on the evening of March 19, 1974, her husband and son after returning from the City jail, went to Bobby Hunt’s house. Mrs. Hodges testified that they returned several hours later with a bill of sale for four tires and wheels, that the following morning she and Larry drove to police headquarters where they showed Detective Wideman the bill of sale and explained to him that Larry had gotten it from Bobby Hunt the night before.
At this point in the trial the defense recalled Detective Wideman who testified that there was no mention made of Bobby Hunt on the morning of March 20, 1974, that he was not implicated until several weeks later when he, Wideman, met with Edgar and Larry Hodges.
Following Wideman’s testimony, both sides rested. Appellant subsequently filed a motion for a new trial which was overruled.
I
Appellant contends that the State failed to prove venue and his motion to exclude should have been granted.
However, after reviewing appellant’s motion, we are of the opinion that the venue issue is not now before us for review, inasmuch as said motion is couched in general terms only and fails to specifically refer to the sufficiency of the evidence to prove venue. Haynes v. State, 45 Ala.App. 31, 222 So.2d 183.
Moreover, the issue may not be raised for the first time on appeal. Daly v. State, 47 Ala.App. 681, 260 So.2d 412.
II
Appellant next contends that the trial court erred in denying his motion to exclude the evidence on the ground that the State had failed to prove that appellant had knowledge that the goods were stolen at the time he allegedly bought them. In Jordan v. State, 17 Ala.App. 575, 87 So. 433, cert. den. 205 Ala. 114, 87 So. 434, we find the following:
“In order to sustain a charge of buying, receiving, concealing, or aiding in the concealment of stolen property, knowing that it was stolen, and not having the intent to restore the same to the owner, etc., it is necessary to show by the evidence, beyond a reasonable doubt and to a moral certainty: (1) That the goods in question had been feloniously taken and carried away, as charged in the indictment, by some one; (2) that the defendant bought, received, concealed, or aided in concealing these goods, knowing at the time that they were stolen; and (3) that he so bought, received, concealed, or aided in concealing these goods knowing that they were stolen, and not having the intent to restore same to the owner. James v. State, 15 Ala.App. 569, 74 So. 395; Jeffries v. State, 7 Ala.App. 144, 62 So. 270; Thomas v. State, 109 Ala. 25, 19 So. 403; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.,N.S., 536; Aline Clisby v. State, ante [17 Ala.App.] p. 475, 86 So. 140.”
We are of the opinion that the evidence here was sufficient for the trial judge to submit this matter to the jury for its determination, and therefore, the appellant’s *837 motion was properly overruled. Johnson v. State, 41 Ala.App. 351, 132 So.2d 485; Paul v. State, 48 Ala.App. 396, 265 So.2d 180, cert. den. 288 Ala. 747, 265 So.2d 185; Holt v. State, 7th Div. 196, 49 Ala.App. 582, 274 So.2d 356, cert. den. March 8, 1973, 290 Ala. 367, 274 So.2d 360, and cases therein cited. See also Bills v. State, 49 Ala.App. 726, 275 So.2d 706 and Scott v. State, 55 Ala.App. 318, 314 So.2d 921.
Clearly, the State here adduced evidence which if believed would prove that appellant bought or traded for the tires and wheels which he later sold to Larry Hodges at a deflated price. Furthermore, the requisite scienter for the offense of buying, receiving, concealing, or aiding in concealing stolen property may be inferred from recent possession of the stolen goods. Rhone v. State, 53 Ala.App. 338, 299 So.2d 781. The appellant offered no evidence to rebut this inference.
We have carefully examined the record as is required by law and find no error therein. The judgment of the trial court is thereby due to be and the same is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.