18 So.2d 574

## COLLINS v. STATE.
### 7 Div. 775.

Court of Appeals of Alabama.
March 21, 1944.

Rehearing Denied April 4, 1944.

Rains & Rains, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

364

BRICKEN, Presiding Judge.

The indictment charged this appellant, defendant below, with the offense of embezzlement and was, omitting formal parts, in words and figures as follows:

"The Grand Jury of said County charges that before the finding of this Indictment, Lewis Collins, alias A. L. Collins, whose name to the Grand Jury is otherwise unknown than as stated, an officer, agent, or clerk, of The Oliver Hall Company, Inc., an incorporated company, embezzled, or fraudulently converted to his own use, or to the use of another, or fraudulently secreted with intent to convert to his own use or to the use of another, money to about the amount of two hundred dollars which had come into his possession by virtue of his office or employment, contrary to law and against the peace and dignity of the State of Alabama."

Before entering upon the trial the defendant interposed demurrer to the indictment based upon several grounds, all of which are without merit and border upon the frivolous. The trial court promptly and properly overruled the demurrer.

The evidence adduced upon the trial was without conflict or dispute. It consisted of the evidence offered by the State. The defendant offered none.

Said evidence for the State tended to show that the appellant was a bookkeeper in charge of the office of the Oliver Hall Company, a corporation. Prior to his indictment he had been in the employ of said corporation in such capacity, for approximately five years. He kept the books of the company and made the deposits for said company in the bank. The Oliver Hall Company was engaged in the general retail mercantile business and sold both for cash and on credit. It was the appellant's duty to receive, in the course of his employment, all cash or checks taken in by said company or its clerks or salesmen from cash or credit sales. A girl by the name of Genese Myers and the appellant were the only ones who worked regularly in the office of the company. The girl made change for the clerks and sometimes carried the money to the bank for deposit. The appellant is charged with having embezzled $200 in money which belonged to the company.

W. M. Franklin, an auditor who was engaged to audit the books, testified as to a number of entries on the books that disclosed the shortage of several hundred dollars. One entry he pointed out was an item of February 1, 1941, wherein it appeared, without dispute, that the original and correct entry was $480.06 as entered, and that said entry had been changed, admittedly by the accused, to $280.06 by his having made the figure "2" over the figure "4." It conclusively appears this identical entry consisted of a cash, or money transaction. It appears from the record that this prosecution is based upon this particular item or transaction, although numerous other items of shortage were shown by the evidence and, as stated, without dispute or conflict.

The rule to be applied here is correctly stated in the case of Smith v. State, 133 Ala. 145, 31 So. 806, 807:

"If the evidence affords an inference of the larceny of the goods, then the question of its sufficiency is one for the jury, and it becomes their province to determine whether the corpus delicti has been proven."

■ There was evidence adduced upon this trial which not only affords an inference of the embezzlement as charged in the indictment, but also clearly and conclusively tended to prove every essential element of the crime as charged.

After a full and complete predicate the defendant freely admitted not only the specific commission of the alteration of the books as to the item of February 1, 1941, the basis of this prosecution, but also numerous other acts of embezzlement referred to hereinabove.

■ The numerous objections and exceptions as to the introduction of evidence are wholly without merit, not only because the evidence as to this was of the res gestae, but also because the corpus delicti was proven without dispute or conflict, hence the full, free and voluntary confession of the defendant was, of course, in point and admissible.

There was no error in refusing to defendant the special written charges requested. Likewise no error prevailed in

overruling and denying defendant's motion for a new trial.

It follows, from what has been said, that the judgment of conviction so far as it relates to the guilt of the defendant must be and is affirmed.

 The cause must necessarily be remanded for proper sentence of this appellant. As appears of record the verdict of the jury reads: "We the jury find the defendant guilty, as charged in the indictment." As a result of said verdict the duty devolved upon the trial judge to fix the punishment, and such act of the court must be in conformity with the governing Statute. This Statute, Code 1940, Tit. 15, § 325, reads as follows:

"§ 325. The only legal punishments, besides removal from office and disqualification to hold office, are fines, hard labor for the county, imprisonment in the county jail, imprisonment in the penitentiary, which includes hard labor for the state, and death by electrocution. And in all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary; and in all cases of conviction for felonies, in which such imprisonment or hard labor is for more than twelve months, and not more than two years, the judge may sentence the party to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion, any other section of this Code to the contrary notwithstanding; *and in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county.*"

The sentence of this defendant by the court, as disclosed by the judgment entry, reads as follows:

"It is therefore, ordered, adjudged, and decreed by the court and is the judgment and sentence of the court that the defendant for said offense be and is hereby sentenced to imprisonment in the penitentiary of the State of Alabama, for a period of One Year, and the Clerk of this Court will forthwith notify the President of the Board of Inspectors of Convicts of the judgment and sentence in this case and the defendant be remanded to the jail of DeKalb County, for safe-keeping to await his removal to the said penitentiary."

In sentencing the prisoner, as above, for a period of one year *in the penitentiary* the court failed or refused to comply with the pertinent provisions of the Statute, *supra.* The period of imprisonment being fixed at one year, the accused should have been sentenced either to hard labor for the county, or to confinement in the county jail. For and on account of this erroneous action of the trial court, that portion of the judgment designated, is reversed and the cause remanded to the lower court, for proper sentence in accordance with the governing Statute.

Judgment of conviction affirmed. Cause remanded for proper sentence.

Affirmed. Remanded for proper sentence.